[No. E000818. Fourth Dist., Div. Two. Dec. 30, 1985.]

CITY OF REDLANDS, Plaintiff and Appellant, v.
SYLVAN SORENSEN et al., Defendants and Respondents.

COUNSEL

Parker & Dally, Ross C. Irwin and Joan E. Partritz for Plaintiff and Appellant.

Egan & Harrison and James R. Mead for Defendants and Respondents.

OPINION

**KAUFMAN, Acting P. J.**—The City of Redlands (City) appeals from a summary judgment in favor of defendants.

De Vaul Bridges, Jr., who was employed by the City as a police officer, filed a third party tort action against defendants for injuries he suffered in the course and scope of his employment. City filed an action for recoupment of the workers' compensation benefits it provided Bridges which was consolidated with plaintiff Bridges' third party action. (Lab. Code, § 3852.) The trial court granted summary judgment on the ground the fireman's rule barred Bridges' action and that the City's action, being wholly derivative of Bridges' action, was therefore also barred. City appeals, contending that Bridges' right of action is not barred by the fireman's rule and that summary judgment was improperly granted.

*Facts*

De Vaul Bridges, Jr., was working as a police officer for the City on January 9, 1982. On that date he heard a police radio announcement that the California Highway Patrol was in pursuit of two vehicles, one of which was probably stolen, and that the two vehicles were coming into the City of Redlands.

Although not legally compelled to, Officer Bridges responded to the call for assistance. He pursued one of the vehicles. At times the vehicle he was chasing reached speeds from 70 to 90 miles per hour. Bridges' police ve-

hicle was in sight of the other vehicle and the police car's red lights were flashing and the siren was on.

The vehicle being chased was heading to an area where, approximately one-half hour before he answered the call, Officer Bridges had seen children along the street on skateboards, roller skates and on horseback. While still pursuing the suspect vehicle at high speed, Officer Bridges deliberately rammed the suspect vehicle to prevent the driver from turning the corner into the street where Bridges had seen the children. Bridges believed if the driver cleared the corner he would likely kill the children.

Officer Bridges was injured as a result of ramming the fleeing vehicle. He received workers' compensation benefits, and filed a third-party tort action against defendants, including the driver of the fleeing vehicle. The City filed an action under Labor Code section 3852 to recover the workers' compensation benefits paid Bridges. Following consolidation of the two actions, defendants filed a motion for summary judgment against both plaintiffs, contending the actions were barred by the fireman's rule as explicated in *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156]. The trial court granted the motion for summary judgment as to both plaintiffs. Both appealed; but Bridges subsequently abandoned his appeal.

### Contentions of the Parties

City contends Civil Code section 1714.9 and an amendment to Labor Code section 3852, both of which were enacted and took effect after the date of the injury underlying the instant lawsuit, abrogated the decision in *Hubbard* and should be applied to prevent application of the fireman's rule in the instant case. City contends in this connection that the amendment to Labor Code section 3852 and the addition of Civil Code section 1714.9 were merely declaratory of existing law and that their retroactive application would not therefore impair defendants' vested rights. City further contends that, even under the preexisting law, Bridges' claim was not barred by the fireman's rule because his injury was caused by an independent act of misconduct after his arrival on the scene and which was not the cause of his presence at the scene. Finally, City contends summary judgment was improper because there exists a triable issue of fact as to whether or not the events leading to Officer Bridges' ramming of the car constituted an independent and separate act of misconduct.

Respondents contend, on the other hand, that the law as stated in *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, was the applicable law at the time of the injury in this case and that Civil Code section 1714.9 and the amendment to Labor Code section 3852 cannot constitutionally be retroactively applied

to abrogate the *Hubbard* decision, which otherwise would have provided defendants with a complete defense to the action. Defendants contend Civil Code section 1714.9 and the amendment to Labor Code section 3852 were not made expressly retroactive, that prospective application of new statutes is the norm and that retroactive application of these statutes would impair defendants' vested rights. Defendants further contend there was no independent act of misconduct which would take the case out of the fireman's rule, and that, as the facts of the incident are undisputed, no triable issue of fact exists.

*Discussion*

*1. Retroactive Application of Labor Code Section 3852 and Civil Code Section 1714.9*

■ As succinctly summarized in *Hubbard:* " 'The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire.' (*Walters* v. *Sloan* [(1977) 20 Cal.3d 199,] at p. 202 [142 Cal.Rptr. 152, 571 P.2d 609].) The rule, which has been held equally applicable to policemen injured in the course of their duties, is based on the principle that it is the business of a fireman or policeman to deal with particular hazards, and that accordingly ' "he cannot complain of negligence in the creation of the very occasion for his engagement." ' (*Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 359 [72 Cal.Rptr. 119]; see *Walters* at p. 202; *Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 369 [99 Cal.Rptr. 29, 491 P.2d 821].) In *Walters,* we reiterated and confirmed the rationale underlying the fireman's rule, observing that it is based upon (1) the traditional principle that 'one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby,' (p. 204), and (2) a public policy to preclude tort recovery by firemen or policemen who are presumably adequately compensated (in special salary, retirement, and disability benefits) for undertaking their hazardous work (pp. 204-206)." (*Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 484.)

■ There are, however, exceptions to the fireman's rule, as, for example, where an independent act of negligence, which was not the cause of the policeman's or fireman's presence at the scene, causes injury after the policeman or fireman has arrived. (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362 [182 Cal.Rptr. 629, 644 P.2d 822]; *Malo* v. *Willis* (1981) 126 Cal.App.3d 543 [178 Cal.Rptr. 774]; see *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 486.)

Whether classified as only a specific subcategory of the independent act exception or a separate exception, there is also a public policy exception to

application of the fireman's rule for situations in which the negligence causing injury occurred after the plaintiff's presence was known or should have been known and involved the violation of a statute enacted to protect the class of persons of which the plaintiff is a member. (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 206 [142 Cal.Rptr. 152, 571 P.2d 609]; see Evid. Code, § 669, subd. (a)(4).)

The California Supreme Court in *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, applied the fireman's rule to bar recovery in a case similar to the one at bench, holding that neither exception applied.

Hubbard, a San Diego police officer, observed Boelt violating the 25-mile-per-hour speed limit. Hubbard activated his emergency lights and siren and began pursuit. Boelt accelerated to avoid arrest, and at one point his vehicle reached a speed of 100 miles per hour. While passing another car on a blind curve, Boelt collided with a third vehicle, causing debris to be scattered over the roadway. Plaintiff Hubbard was injured when he attempted to avoid the highway debris.

Hubbard asserted the fireman's rule was not intended to bar recovery for independent acts of misconduct which were not the cause of the plaintiff's presence at the accident scene. (*Kocan* v. *Garino* (1980) 107 Cal.App.3d 291, 295-296 [165 Cal.Rptr. 712].) Although approving the stated principle in the abstract, the Supreme Court rejected Hubbard's claim in that case, holding that no such independent act occurred. The court reasoned: "Plaintiff was injured while pursuing a speeding traffic violator, and in discharge of his official duty incurred the very risk which occasioned his presence at the accident [*sic*] scene." (*Hubbard, supra,* at pp. 486-487.)

Hubbard also advanced the argument that statutes making it a misdemeanor to disregard an officer's siren and red light, or proscribing wilful *resistance or obstruction of a police officer, were intended to protect po-*licemen, and that therefore he was one of the class of persons for whose protection the statutes were enacted. The *Hubbard* court, however, rejected that contention, holding that such statutes were designed to protect the general public, to reduce the traffic hazards to the public resulting from pursuit at high speeds, and not to protect pursuing police officers from traffic accidents. Statutes proscribing resistance to or obstruction of a police officer in the performance of duties, or the use of force or weapons to resist arrest, may have been enacted to assist the officer in making arrests, the court acknowledged, but it reasoned it was unlikely these provisions were intended to protect the officer from injuries received in traffic accidents. Thus, the court held that Hubbard was not within the class of persons for whose protection the statutes were adopted. (*Id.,* at p. 486.)

In 1982, after the decision in *Hubbard,* Labor Code section 3852 was amended (Stats. 1982, ch. 149, § 1, p. 492) by urgency legislation effective April 5, 1982, to read in pertinent part: "(b) Notwithstanding statutory or decisional law to the contrary, any person who knows or should have known of the presence of a peace officer or firefighter is responsible not only for the results of the person's wilful acts, but also for any injury occasioned to the peace officer or firefighter by the person's want of ordinary care or skill in the management of the person's property or person, which occurs after the person knows or should have known of the presence of the peace officer or firefighter, except to the extent that the comparative fault of the peace officer or firefighter contributes to the injury. [¶] This subdivision is not applicable to an employer of a peace officer or firefighter."

The urgency statement with respect to the amendment of Labor Code section 3852 stated: "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to secure the rights of policemen and firefighters, and to protect the rights of survivors of injured workers *as soon as possible,* it is necessary for this act to take effect immediately." (Stats. 1982, ch. 149, § 2, p. 492, italics added.)

Later in 1982 section 3852 was again amended to delete subdivision (b) (Stats. 1982, ch. 258, § 2, pp. 836-837), which was incorporated, as modified and clarified, into Civil Code section 1714.9 enacted at the same time (Stats. 1982, ch. 258, § 1, p. 836). Thus, Civil Code section 1714.9, in effect, replaced, clarified and expanded the former subdivision (b) of Labor Code section 3852. The addition of Civil Code section 1714.9 and the deletion of subdivision (b) of Labor Code section 3852 both became effective January 1, 1983.

Section 1714.9 read in pertinent part:

"(a) Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a peace officer, firefighter, or any emergency medical personnel employed by a public entity, but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person's property or person, in any of the following situations:

"(1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel.

"(2) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel, violates a statute, ordinance, or regulation, and was the proximate cause of an injury which the statute, ordinance or regulation was designed to prevent, and the statute, ordinance, or regulation was designed to protect the peace officer, firefighter, or emergency medical personnel.

"As used in this subdivision, a statute, ordinance, or regulation prohibiting resistance or requiring a person to comply with an order of a peace officer or firefighter is designed to protect the peace officer, firefighter, or emergency medical personnel."[1]

■ If the provisions of Civil Code section 1714.9 are properly applicable in this case it is clear the summary judgment must be reversed. Subsection (2) of subdivision (a) of section 1714.9 permits recovery "[w]here the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, . . . violates a statute, ordinance or regulation, and was the proximate cause of an injury which the statute, ordinance or regulation was designed to prevent, and the statute, ordinance, or regulation was designed to protect the peace officer." It also provides that "a statute, ordinance, or regulation . . . requiring a person to comply with an order of a peace officer . . . is designed to protect the peace officer . . . ."

Under the facts of this case liability could be found on that basis. Officer Bridges had his police vehicle's red lights and siren turned on and was within sight of the vehicle he was chasing. It is inferable that the driver of the vehicle being chased either knew or should have known of the officer's presence and that, through the flashing red lights and siren, he was being ordered to stop. His continued high speed flight therefore inferably consti-

---

[1]The remainder of Civil Code section 1714.9 provided:

"(3) Where the conduct causing the injure was intended to injure the peace officer, firefighter, or emergency medical personnel.

"(b) This section does not preclude the reduction of an award of damages because of the comparative fault of the peace officer or firefighter in causing the injury.

"(c) The employer of a firefighter, peace officer or emergency medical personnel may be subrogated to the rights granted by this section to the extent of the workers' compensation benefits, and other liabilities of the employer, including all salary, wage, pension, or other emolument paid to the employee or the employee's dependents.

"(d) The liability imposed by this section shall not apply to an employer of a peace officer, firefighter, or emergency service personnel."

Civil Code section 1714.9 was also subsequently amended to add subdivision (a)(4) which provides for liability for injury to a peace officer, firefighter, or any emergency medical personnel: "(4) Where the conduct causing the injury is arson as defined in section 451 of the Penal Code." (Stats. 1983, ch. 136, § 1, No. 5 West's Cal. Legis. Service, pp. 974-975, No. 3 Deering's Adv. Legis. Service, pp. 236-237.)

tuted a violation of a statute or ordinance designed for the protection of the officer thus fulfilling the requirements of Civil Code section 1714.9. (See, e.g., Veh. Code, § 2800.1 [misdemeanor to wilfully disregard an officer's siren and red light and to flee or attempt to elude pursuit]; Pen. Code, § 148 [wilful resistance, delay or obstruction of a police officer]; Pen. Code, § 834a [using force or a weapon to resist arrest].)

█ It is true that a statute or an amendment to a statute generally will not be applied retroactively unless the legislative intent that that be done is clear. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 686-687 [91 Cal.Rptr. 585, 478 P.2d 17]; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159]; *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 594-595 [97 Cal.Rptr. 30].) However, it is also well established that the enactment of a statute or an amendment to a statute for the purpose of clarifying preexisting law or making express the original legislative intent is not considered a change in the law; in legal theory it simply states the law as it was all the time, and no question of retroactive application is involved.

"Where an amendment to a statute is remedial in nature and merely serves to clarify the existing law, the Legislature's intent that it be applied retroactively may be inferred. 'The rationale of this exception is that in such an instance, in essence, no retroactive effect is given to the statute because the true meaning of the statute [or law] has always been the same. [Citation.]' (*Tyler* v. *State of California* (1982) 134 Cal.App.3d 973, 976-977 [185 Cal.Rptr. 49]; see *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 595 [97 Cal.Rptr. 30].)" (*Pacific Coast Medical Enterprises* v. *Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 206 [189 Cal.Rptr. 558]; accord: *Bd. of Soc. Welfare* v. *County of L.A.* (1945) 27 Cal.2d 90, 97 [162 P.2d 635], quoting *Stockton Sav. & Loan Bank* v. *Massanet* (1941) 18 Cal.2d 200, 204 [114 P.2d 592]; *Travelers Ins. Co.* v. *Sierra Pacific Airlines* (1983) 149 Cal.App.3d 1144, 1150-1151 [197 Cal.Rptr. 416]; see *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828, fn. 8 [114 Cal.Rptr. 589, 523 P.2d 629]; cf. *City of Sausalito* v. *County of Marin* (1970) 12 Cal.App.3d 550, 557-558 [90 Cal.Rptr. 843].)

█ That is precisely the situation here. Subdivision (b) of Labor Code section 3852 enacted in 1982 as part of an urgency measure and later further clarified, modified and incorporated in Civil Code section 1714.9 simply clarified that the fireman's rule does not preclude recovery in a proper case where injury is caused the fireman or policeman by an independent act of misconduct after his or her presence at the scene is known or should have been known. This does not represent a change in the law. As previously indicated, a longstanding exception to application of the fireman's rule ap-

plies where the injury was caused by an act of misconduct independent of the conduct that necessitated the officer's or fireman's presence on the scene. (E.g., *Lipson* v. *Superior Court, supra,* 31 Cal.3d 362; *Malo* v. *Willis, supra,* 126 Cal.App.3d 543; see *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 486.)

Neither is the public policy exception to the application of the fireman's rule based on violation of a statute "new." The principle was recognized in both *Walters* v. *Sloan, supra,* 20 Cal.3d 199, 206-207, and *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 485-486. In both cases, however, the exception was found inapplicable because the court believed the statutes claimed to be violated were not enacted for the protection of policemen in the performance of their duties.

What is "new" in Civil Code section 1714.9, is the legislative pronouncement: "As used in this subdivision, a statute, ordinance, or regulation prohibiting resistance or requiring a person to comply with an order of a peace officer or firefighter is designed to protect the peace officer, firefighter, or emergency medical personnel." Under traditional statutory interpretation and analysis, however, that pronouncement effects no change in the law. It simply clarifies that that was the intent of the Legislature from the time it enacted the several statutes "prohibiting resistance or requiring a person to comply with an order of a peace officer or firefighter" and signifies that the court in both the *Walters* and *Hubbard* decisions misconceived the Legislature's intent in this regard. In legal theory the new legislation constituted no change in the law and its application to a case in which the negligence or misconduct occurred before the effective date of the legislation does not constitute an invidious retroactive application of law.

There can be no question that the legislation was remedial in nature and intended by the Legislature to be applied at the earliest possible time, including application to all cases not then finally decided. As previously observed, the urgency statement made in connection with the 1982 amendment to Labor Code section 3852 read: "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to secure the rights of policemen and firefighters, and to protect the rights of survivors of injured workers *as soon as possible,* it is necessary for this act to take effect immediately." (Stats. 1982, ch. 149, § 2, p. 492, italics added.) There was no need, of course, for the Legislature to enact Civil Code section 1714.9 as urgency legislation because its substance was already in effect by virtue of the 1982 amendment to Labor Code section 3852. The addition

of Civil Code section 1714.9 and deletion of subdivision (b) of Labor Code section 3852 both became effective the same date, January 1, 1983.

## Disposition

The provisions of Civil Code section 1714.9 are applicable to the case at bench. The summary judgment was therefore improvidently granted. The judgment is reversed.

McDaniel, J., and Rickles, J., concurred.