[No. F006058. Fifth Dist. Jan. 30, 1987.]

ISADORA GUTIERREZ, Plaintiff and Appellant, v.
ROSE MARIE DE LARA et al., Defendants and Respondents.

**COUNSEL**

Buckholtz, Sparagna & Cha, Francis A. Sparagna and Jill S. Breslau for Plaintiff and Appellant.

Mushines, Baradat & Van Doren and John W. Morris, Jr., for Defendants and Respondents.

**OPINION**

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE AND FACTS

On August 16, 1983, plaintiffs filed a personal injury action against respondents, Rose Marie De Lara and Allied Electric, based on an automobile collision which occurred November 28, 1982. Plaintiffs, Maurillio Gutierrez and Isadora Gutierrez, the owners of the vehicle in which the plaintiffs were riding, were uninsured.

The jury returned special verdicts in favor of plaintiffs on May 29, 1985. At a posttrial hearing, the trial court granted respondents a setoff from the judgments obtained by Maurillio Gutierrez and Isadora Gutierrez for the

sum of money paid in uninsured motorist benefits to respondent, Rose Marie De Lara, pursuant to Vehicle Code section 17200. Since the amount of the uninsured motorist benefits paid to Ms. De Lara was greater than the judgments obtained by Maurillio Gutierrez and Isadora Gutierrez, their judgments were reduced to zero.

Vehicle Code section 17200 became effective January 1, 1984 (Stats. 1983, ch. 1252, § 10, pp. 4942-4943), over 13 months after the accident occurred. Nevertheless, the trial court believed the date of the judgment or settlement determined the applicability of the statute. We hold the trial court erred by giving a retroactive effect to the statute. We reverse the judgment.

DISCUSSION

*The trial court erroneously applied Vehicle Code section 17200 retroactively to an accident occurring before the effective date of the statute.*

Appellant contends the trial court improperly applied Vehicle Code section 17200 retroactively to reduce her judgment. This section provides that "Where an uninsured owner or operator has obtained a judgment against or agreed to a settlement with the owner or operator of an insured motor vehicle based on the negligence of the insured owner or operator, the amount of the judgment or settlement payable by the insured or his or her insurer shall be reduced by the amount paid or payable to the insured owner or operator ... from coverage provided by an uninsured motorist endorsement where the claim of the insured ... and the uninsured motorist arise out of the same accident. ..."

■ A retroactivity question such as this may require a two-step analysis. First, the court must determine whether the statute was applied retroactively. If not, the analysis ends. However, if there is a retroactive application, the court must then decide if the Legislature intended that the statute be so applied. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 391-396 [182 P.2d 159].)

■ Unless prohibited by state or federal constitutional provisions in respect to ex post facto laws, impairment of contractual or property rights, or the protection of vested rights, the Legislature may give a statute a retroactive application. (58 Cal.Jur.3d, Statutes, § 23, p. 336.)

■ " 'A retrospective law is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' [Citations.]" (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.*,

*supra,* 30 Cal.2d at p. 391.) ▮ Analyses of statutory retroactivity frequently distinguish between "substantive" and "procedural" statutes, reasoning that procedural statutes become operative only when the procedure or remedy is invoked. Thus, if the trial postdates the enactment, the statute operates regardless of when the cause of action arose. (*Id.* at p. 394.) However, as pointed out by the *Aetna* court, this distinction is a misdirection. The distinction relates not to the form of the statute but to its effect. If the application of the statute will change the legal effect of past events, its operation on existing rights is retroactive, even if the statute might ordinarily be classified as procedural. Therefore, the statute will be construed to operate only in the future unless the legislative intent to the contrary clearly appears. (*Ibid.*) However, if the statute can have no effect on substantive rights or liabilities but affects only modes of procedure to be followed in future proceedings, it is not in fact retroactive. (*Ibid.*) Similarly, the enactment of a statute for the purpose of clarifying existing law is not considered a change in the law and thus is not retroactive. (*City of Redlands* v. *Sorensen* (1985) 176 Cal.App.3d 202, 211 [221 Cal.Rptr. 728].)

▮ Here, the application of Vehicle Code section 17200 changed the legal effect of a past event. At the time of the accident, appellant's status as an uninsured motorist was inconsequential insofar as her right to recover compensation for her injuries caused by the fault of another party. However, the application of section 17200 abrogated appellant's right to collect her judgment due to this status. Further, this statute provides a novel penalty for being uninsured and thus is not a clarification of existing law. Therefore, section 17200 was applied retroactively.

Respondents argue that a statute which affects only the measure of damages is not retroactive. ▮ Respondents cite language in *American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359 [204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233] that "a plaintiff has no vested property right in a particular measure of damages, and ... the Legislature possesses broad authority to modify the scope and nature of such damages." (*Id.* at p. 368.) However, *American Bank & Trust* was concerned with a claim that the Medical Injury Compensation Reform Act violated due process. Since the cause of action in *American Bank & Trust* arose after the effective date of the statute, the court did not discuss retroactivity. Thus, that case does not support respondents' position. Further, both this court and the Second District Court of Appeal, Division Two, have refused to apply a damage provision enacted as part of the Medical Injury Compensation Reform Act retroactively in the absence of clear legislative intent to the contrary. (*Bolen* v. *Woo* (1979) 96 Cal.App.3d 944 [158 Cal.Rptr. 454]; *Robinson* v. *Pediatric Affiliates Medical Group, Inc.* (1979) 98 Cal.App.3d 907 [159 Cal.Rptr. 791].) We conclude, therefore, the fact section 17200 only affects damages does not alter its retroactive effect on existing rights.

 As a general rule of construction, and subject to constitutional prohibitions, a statute should not be given retroactive effect to deprive an individual of a preexisting right unless the Legislature has clearly expressed its intention to accomplish that end. (*Henrioulle* v. *Marin Ventures, Inc.* (1978) 20 Cal.3d 512, 520 [143 Cal.Rptr. 247, 573 P.2d 465].) " 'The Legislature, of course, is well acquainted with this fundamental rule, and when it intends a statute to operate retroactively it uses clear language to accomplish that purpose.' " (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828 [114 Cal.Rptr. 589, 523 P.2d 629], quoting *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 176 [18 Cal.Rptr. 369, 367 P.2d 865].)

 There is no express provision in Vehicle Code section 17200 regarding retroactive operation. Further, there is nothing in the wording of section 17200 which would suggest that the Legislature intended that it be applied retroactively. The statute contains the language "has obtained a judgment." However, as pointed out in *DiGenova* v. *State Board of Education, supra,* 57 Cal.2d 167, 175, the use of that tense (present perfect) does not point in the direction of retroactive application. Those words can be understood either as "has obtained a judgment after the effective date of the statute" or "has obtained a judgment before or after the effective date of the statute." Also, the statute's reference to judgment or settlement rather than accident does not indicate an intent that it apply retroactively. It is merely the mechanics of the statute which mandate the use of this terminology because the statute cannot apply until the cause of action is either reduced to a judgment or settled.

The Legislative Counsel's Digest analyzing this section (Stats. 1983, ch. 1252, p. 4942) also fails to clarify whether the Legislature intended it to apply retroactively. This analysis states "[t]he bill would require that any judgment or settlement obtained by an uninsured owner or operator of a motor vehicle be reduced by the amount paid or payable to an insured motorist . . . ." Respondents contend that the word "any" is dispositive of a legislative intent. However, this language reasonably can be understood as referring either to "any judgment obtained after the effective date" or "any judgment obtained before or after the effective date." Thus, neither the language of the statute nor the Legislative Counsel's Digest gives a clear indication of the legislative intent. Therefore, the presumption of prospectivity should be applied.

In sum, because Vehicle Code section 17200 affected appellant's right to collect a judgment, and this right existed before the statute's enactment, the statute was applied retroactively. Because it is not clear that the Legislature intended this result, we must only apply the statute prospectively.

## DISPOSITION

The postjudgment order of June 28, 1985, imposing a setoff under Vehicle Code section 17200 is reversed. The trial court is directed to enter a judgment in conformity with the special verdicts entered June 3, 1985. Appellant to recover costs.

Martin, J., and Best, J., concurred.