[No. A037866. First Dist., Div. Four. May 2, 1988.]

WALTER H. ROGERS et al., Plaintiffs and Respondents, v. JAMES A. EDMONDS, JR., as Real Estate Commissioner, etc., Defendant and Appellant.

1238

COUNSEL

John K. Van de Kamp, Attorney General, and Julian O. Standen, Deputy Attorney General, for Defendant and Appellant.

Leonard J. LaCasse, Bell, Cox, Mannon & LaCasse and Bell, Mannon & LaCasse for Plaintiffs and Respondents.

OPINION

POCHÉ, J.—Defendant Real Estate Commissioner (Commissioner) appeals from an order directing him to pay plaintiffs, Dr. and Mrs. Rogers, $38,420.79 from the Real Estate Recovery Account. (Bus. & Prof. Code, § 10471.)[1] We affirm the order.

The Recovery Account in the Real Estate Fund (Fund) created by section 10470 et seq. is "a special fund supported by license fees to compensate individuals who are defrauded by real estate licensees." (*Vinci* v. *Edmonds* (1986) 185 Cal.App.3d 1251, 1254 [230 Cal.Rptr. 308].) Section 10471, subdivision (a), as it read at the date of the order appealed from provided that once "an aggrieved person obtains a final judgment in a court of competent jurisdiction against a defendant based upon the defendant's fraud, misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction in which the defendant, while licensed under this part, performed acts for which that license was required, the aggrieved person may, upon the judgment becoming final, file an application . . . for payment from the Recovery Account, . . ." (Former § 10471, added by Stats. 1985, ch. 690, § 3, p. 2293-2294.)

Dr. and Mrs. Rogers made real estate investments in three different properties through real estate broker Stan Hatkoff. The investments were unsuccessful and on July 29, 1982, the Rogers filed a complaint against

---

[1] Unless otherwise indicated, all statutory references are to the Business and Professions Code.

Hatkoff for breach of contract, breach of fiduciary duty, fraud and misrepresentation. In August 1984 Hatkoff filed a petition for bankruptcy and received a discharge of his debts on November 27, 1984.

On March 21, 1985, the bankruptcy court issued an order relieving the Rogers from the automatic stay "for the sole and exclusive purpose of liquidating their claim against the debtor in order to enable them to ascertain the amount of the claim for purposes of filing a petition . . . against the California Real Estate Education Research and Recovery Fund . . . ."[2]

Hatkoff stipulated to entry of his default. The matter was tried and in July 1985 the Rogers received a judgment of $39,154.13 against him. In October 1985 the Rogers applied for an order directing payment to them from the Fund in the amount of their unsatisfied judgment against Hatkoff. ■ ■ ■ ■ After a hearing on their application the court concluded that Hatkoff had acted fraudulently in his dealings with the Rogers, that their default judgment against him for fraud had not been discharged in his bankruptcy, and that the amount of the judgment, less attorney's fees, should be paid them from the Fund.[3]

The Commissioner appeals from the order directing payment contending: first, that the debt owed by Hatkoff was discharged in the bankruptcy and therefore because it was void it could not be the basis for a judgment against Hatkoff, and second, that we should retroactively apply a 1987 amendment to section 10471.

■ While it is true, as the Commissioner contends, that a debt which has been discharged in bankruptcy voids any judgment of personal liability based upon that debt (11 U.S.C. § 524(a)(1)), it is also the case that discharge does not operate against a debt for obtaining money through "false pretenses," "false representation," or "actual fraud." (11 U.S.C. § 523(a)(2)(A).) The Commissioner concedes as much when he suggests that the Rogers could have sought a declaration in bankruptcy court that their debt was nondischargeable on grounds of fraud.

The Rogers' default judgment against Hatkoff was entered on a complaint alleging misrepresentation and fraud. Section 10473 imposes upon

---

[2] The record on appeal was augmented with this document by order of this court issued December 23, 1987.

[3] The difference between the judgment amount ($39,154.13) and the award from the Recovery Account ($38,420.79) is apparently the portion of the judgment representing attorney's fees. Attorney's fees cannot be recovered from the account on a section 10471 claim. (*Acebo* v. *Real Estate Education etc. Fund* (1984) 155 Cal.App.3d 907, 910–911 [202 Cal.Rptr. 518].)

the claimant from the Fund who has a default judgment against the licensee the burden of proving that his cause of action was for fraud. At the hearing on the application the trial court specifically found that the judgment was "based on fraud." Thus, the judgment against Hatkoff could have been found to be a nondischargeable debt in bankruptcy court. Even though Hatkoff might not be personally liable for the discharged debt (11 U.S.C. § 524(a)(1)), that fact does not void the judgment as a determination of Hatkoff's fraud and the amount of the injury suffered by the Rogers.

In 1987 section 10471 was amended to include a new requirement that a claimant upon the Fund must represent "That the underlying judgment and debt have not been discharged in bankruptcy, or, in the case of a bankruptcy proceeding that is open at the time of the filing of the application, that the judgment and debt have been declared to be nondischargeable." (§ 10471, subd. (c)(7)(F), added by Stats. 1987, ch. 535, § 3.) This new requirement took effect January 1, 1988.

■ The Commissioner asks us to apply the new no discharge or non-dischargeability requirement retroactively to this case on the ground that the 1987 amendment to section 10471 was merely a clarifying amendment, rendering explicit a requirement which existed under the former version of the section.

■ Absent some clear expression by the Legislature that its enactments are intended to have retroactive effect we do not generally assume retroactivity. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 686-687 [91 Cal.Rptr. 585, 478 P.2d 17].) As our Supreme Court has very recently stated "California continues to adhere to the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application." (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1208-1209 [246 Cal.Rptr. 629, 753 P.2d 585].) A new enactment will have retroactive effect, however, if the new enactment is designed merely to codify preexisting law or to render explicit the original legislative intent. (*City of Redlands* v. *Sorensen* (1985) 176 Cal.App.3d 202, 211 [221 Cal.Rptr. 728].) The rationale behind this seeming exception is that the new legislation merely states the preexisting rule of law, therefore is not truly retroactive. The rule is not new, just newly articulated.

The Commissioner relies upon the policy statement accompanying the 1987 amendment to argue that the Legislature added the no discharge or nondischargeability requirement to ensure the solvency of the Fund by avoiding claims "which have exceeded the intended purpose of the pro-

gram, in certain cases brought by claimants who have employed judicial procedures designed solely to assure access to the Recovery Account." (Stats. 1987, ch. 535, § 1, subd. (d).)

We do not find this language to be an explicit statement by the Legislature that its intent has been always to require claimants from the account to protect their debt from discharge in bankruptcy. The language is just as susceptible to the view that faced with ever increasing claims on the account the Legislature chose to add this additional hurdle in order to promote the intended purpose of protecting as many members of the public as possible against the fraudulent acts of licensees.

■ Section 10471 is a remedial statute designed to benefit the victims of fraud. (*Nordahl* v. *Department of Real Estate* (1975) 48 Cal.App.3d 657, 663 [121 Cal.Rptr. 794].) As such it is to be given a liberal construction in favor or benefiting those victims whenever possible. (*Booth* v. *Robinson* (1983) 147 Cal.App.3d 371, 378 [195 Cal.Rptr. 130].) ■ In that spirit we conclude it would be inappropriate to give retroactive effect to the no discharge or nondischargeability requirement embodied in present section 10471, subdivision (c)(7)(F).

We affirm the order directing payment from the Recovery Account.

Channell, J., concurred.

Anderson, P. J., concurred in the judgment.

A petition for a rehearing was denied May 24, 1988, and appellant's petition for review by the Supreme Court was denied July 21, 1988.