Filed 3/25/21  P. v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>DAI QUOC NGUYEN,<br><br>　　Defendant and Appellant. | H046531<br>(Santa Clara County<br>Super. Ct. Nos. 211021, CC261145,<br>CC305358, CC324011) |

Defendant Dai Quoc Nguyen appeals from the denial of his motion to vacate his convictions pursuant to Penal Code section 1473.7.[1]  On appeal, Nguyen contends the trial court erred in denying his motion.  He argues his lack of understanding of the immigration consequences of his pleas combined with his attorneys' failure to research, advise, and defend against them entitled him to relief.  For the reasons below, we conclude that the trial court properly denied the motion.  Accordingly, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Procedural Background*

Case No. CC261145

The prosecution charged Nguyen by felony complaint with two counts:  Counts 1 and 2—assault with a deadly weapon or by means of force likely to produce great bodily

---

[1] All subsequent statutory references are to the Penal Code.

injury (§ 245, subd. (a)(1)).  With respect to count 1, it was alleged that Nguyen had committed the offense for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1).)[2]

In September 2003, Nguyen pleaded guilty to one count of assault by means of force likely to produce great bodily injury.  The minute order for the change of plea hearing specifies that Nguyen received an advisement regarding immigration consequences.  Two months later, the trial court granted Nguyen formal probation for a period of three years with the condition that he serve 10 months in county jail.

In September 2004, the trial court revoked Nguyen's probation.  Nguyen admitted to violating his probation in October 2009 and the trial court reinstated probation with the condition that he serve one year in county jail.

Case Nos. CC305358 and CC324011

In case No. CC305358, the prosecution charged Nguyen with two counts:  Count 1 —possession for sale of a controlled substance (Health & Saf. Code, § 11378); and count 2—transportation, sale, and/or distribution of a controlled substance (Health & Saf. Code, § 11379).

In case No. CC324011, the prosecution charged Nguyen with one count: possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  Two on-bail enhancements were also alleged under section 12022.1.

In November 2003, Nguyen pleaded guilty to possession for sale of a controlled substance in case No. CC305358 and misdemeanor possession of a controlled substance in case No. CC324011.  Prior to entering his pleas in both cases, the trial court advised Nguyen that "if you are not a citizen of the United States, conviction of these charges will have the consequences of deportation, exclusion from admission or denial of

---

[2] The complaint was later amended to strike the gang allegation on count 1.  It was also amended to specify that Nguyen was charged with assault by means of force likely to produce great bodily injury rather than assault with a deadly weapon *or* by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)).

naturalization pursuant to the laws of the United States . . . do you understand those consequences and have you discussed them with your attorney?" Nguyen responded "Yes, Your Honor."

In case No. CC324011, the trial court granted Nguyen informal probation for a period of two years with the condition that he serve 90 days in county jail. The court ordered the jail term to run concurrently with the term imposed in case No. CC261145.

In January 2004, the trial court granted Nguyen formal probation for a period of three years in case No. CC305358, with the condition that he serve 10 months in the county jail concurrently with the term imposed in case No. CC261145. In September 2004, the trial court revoked Nguyen's probation. In 2009, the court reinstated and then terminated probation.

Case No. 211021

A grand jury indicted Nguyen on one count: Count 6—assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). It was alleged that Nguyen had committed the offense for the benefit of a criminal street gang within the meaning of section 186.22 subdivision (b)(1)(B). It was also alleged that Nguyen had suffered a prior serious felony (§ 667, subd. (a)), a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that Nguyen had been on felony probation at the time of the offense (§ 1203, subd. (k)).

In August 2009, Nguyen pleaded no contest to the charge with admission of the criminal street gang enhancement. He also admitted to violating his probation in case Nos. CC261145, CC101788, and CC305358. At the time that he entered his pleas and admissions, Nguyen executed a change of plea form stating he understood that "if I am not a citizen of the United States, my plea of guilty or no contest in this case will result in my deportation (removal), exclusion from reentry to the United States, or denial of naturalization and amnesty pursuant to the laws of the United States." Nguyen's counsel also executed an "attorney's statement" stating that "I have reviewed the form with my

3

client" and "[i]f applicable, I have discussed the immigration consequences with the defendant." Prior to entering his plea, the court asked Nguyen whether he had read and understood everything he had signed and whether he had questions. Nguyen confirmed he had read and understood the form and he had no questions.

In October 2009, the trial court granted Nguyen formal probation for a period of three years with one year in county jail.

In September 2012, the trial court revoked Nguyen's probation. Nguyen admitted to violating his probation and the court reinstated probation for a term of two years.

In May 2013, the trial court issued an order in case Nos. 211021 and CC261145 terminating probation early and granted dismissals under section 1203.4.

### B. Facts of the Offenses

Case No. CC261145

In June 2002, Milpitas police responded to a reported fight at a pool hall. During the fight, someone threw a beer bottle at Nguyen and he responded by throwing two stools in the direction from which the beer bottle had been thrown.

Case No. CC305358

In June 2002, a San Jose police officer stopped Nguyen for a traffic infraction. During a probation search of the vehicle, officers discovered that he was in possession of approximately 100 Ecstasy pills.

Case No. CC324011

In June 2003, San Jose police conducted a probation search of Nguyen's home. During the search, officers discovered marijuana and Ecstasy.

Case No. 211021

In June 2004, Nguyen was involved in a fight at a restaurant with members of a gang. Nguyen broke beer bottles and threatened people with the broken bottles. He also threw a microphone at another person. The incident was recorded on videotape.

4

### C.  The Motion to Vacate

In August 2018, Nguyen filed a section 1473.7 motion to vacate the convictions in all four cases described above.  Nguyen argued he had received ineffective assistance of counsel.  He faulted his former attorneys for failing to defend against the adverse immigration consequences of his pleas.  Nguyen argued his attorneys should have sought a one-day reduction in the 365-day jail terms he was required to serve.  In the alternative, Nguyen contended he could have pleaded to more serious but immigration-neutral offenses.

Along with the motion, Nguyen included a declaration.  Nguyen stated he had come to the United States as a refugee from Vietnam when he was eight years old.  He stated he was now a 35-year-old lawful permanent resident and that he had a son.  Nguyen asserted he had started a film and music production company in 2016.  He said that the money he earned from that business "goes to support [his] son and other members of [his] family."

In support of his ineffective assistance of counsel claim, Nguyen stated, "I do not recall my attorney telling that that I could plead to different charges to avoid getting deported.  I do not recall my attorney telling me that we could ask the District Attorney to change the names of the drugs or ask that no drugs be named at all to avoid deportation.  I do not recall my attorney telling me that we could offer to plead to a more serious drug charge with more jail time to avoid deportation.  I do not recall my attorney telling me we could ask for a sentence of one day less than a year to avoid deportation.  I wanted to take responsibility for my actions, but I did not know I could do that and negotiate for changes that would help me avoid getting deported."

Nguyen included a declaration from his former attorney Wendy Kim.  Kim had represented Nguyen in case No. 211021 and in his probation revocation proceedings in case Nos. CC261145, CC305358, and CC101788.  Kim stated she had been practicing law for approximately 42 years and that she understood criminal attorneys "had, and still

5

have, an affirmative obligation to advise clients of the specific immigration consequences of their pleas beyond the advisement given by the court pursuant to Penal Code section 1016.5." She was aware a conviction for violating section 245 resulting in a sentence of more than a year would result in adverse immigration consequences. Kim stated she had no independent recollection of advising Nguyen that he could try to withdraw his plea in order to seek an immigration-neutral sentence of 364 days in county jail. Kim also stated she had no independent recollection that Nguyen received advisements pursuant to section 1016.5.

In October 2018, the prosecution filed an opposition to the motion and Nguyen filed a reply to the opposition a week later.

### D. *The Hearing on the Motion to Vacate*

In October 2018, the trial court conducted a hearing on the motion to vacate. Defense counsel noted that the governor had signed a bill into law that amended section 1473.7 so that the court was no longer required to make a finding of ineffective assistance of counsel to grant the relief requested. Counsel stated "the question then for this Court would be whether the conviction or sentence . . . was legally invalid due to a prejudicial error damaging the defendant's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse consequences of the plea."

The prosecution responded that the amendments did not take effect until the first of the year. However, the prosecution maintained there was no need to defer ruling on the motion because the relevant language of the statute had not changed. According to the prosecution, Nguyen "still [had] not shown that he did not understand the immigration consequences."

After hearing argument, the trial court stated, "I don't think he has to show that he would have won. He has to show that he could have gotten a better offer or would have gone to trial; that's my understanding of the case law, that there is a possibility of a better offer or [he] would have gone to trial weighing the risks/benefits."

6

Ultimately, the court found Nguyen had not met his burden. The court stated, "I think the declarations do not set forth error and—nor prejudice. So I'm going to deny the motion based on that."

## II. DISCUSSION

### A. *The Trial Court Correctly Denied Nguyen's Section 1473.7 Motion to Vacate*

Nguyen contends the trial court erred when it denied his motion to vacate the convictions. Nguyen argues his lack of understanding of the immigration consequences of his pleas combined with his attorneys' failure to research, advise, and defend against them entitled him to relief. The Attorney General responds that Nguyen has not shown prejudicial error within the meaning of section 1473.7. We agree with the Attorney General.

#### 1. *Legal Principles*

Under section 1473.7, subdivision (a), persons no longer in criminal custody may file a motion to vacate a conviction or sentence if "the conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).) A defendant must establish entitlement to relief by a preponderance of the evidence. (§ 1473.7, subd. (e)(1); see also *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 75 (*Ogunmowo*).)

After its enactment, effective January 1, 2017, California courts "uniformly assumed . . . that moving parties who claim prejudicial error was caused by having received erroneous or inadequate information from counsel, must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing norms, as well as a reasonable probability of a different outcome if counsel had rendered effective assistance." (*People v. Camacho* (2019) 32 Cal.App.5th 998,

7

1005 (*Camacho*); see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-692 (*Strickland*); *People v. Williams* (1997) 16 Cal.4th 153, 215.)

In 2018, the Legislature passed Assembly Bill 2867, which amended section 1473.7 to provide that "[a] finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (§ 1473.7, subd. (a) [as amended by Stats. 2018, ch. 825, (A.B. 2867), § 2, eff. Jan. 1, 2019].) The Legislature specified that this amendment was intended to operate as a clarification regarding the scope of section 1473.7. (See *Camacho, supra*, 32 Cal.App.5th at p. 1007.) As such, the amendments present no question of retroactive application because the law remains the same both before and after their effective date. (*Camacho, supra*, 32 Cal.App.5th at p. 1007; *City of Redlands v. Sorensen* (1985) 176 Cal.App.3d 202, 211.)

Because the scope of section 1473.7 is not restricted to claims of ineffective assistance of counsel, "it follows that courts are not limited to the *Strickland* test of prejudice, whether there was reasonable probability of a different outcome in the original proceedings absent the error." (*Camacho, supra*, 32 Cal.App.5th at pp. 1009-1010.) To show prejudice, a person must show "by a preponderance of evidence that he would never have entered the plea if he had known that it would render him deportable." (*People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133 (*DeJesus*).) In assessing prejudice, courts should look to "contemporaneous evidence to substantiate a defendant's expressed preferences." (*Ibid.*)

### 2. Standard of Review

Where, as here, the section 1473.7 motion implicates a defendant's constitutional right to the effective assistance of counsel, our review of the trial court's order denying the motion is de novo. (*Ogunmowo, supra*, 23 Cal.App.5th at p. 76; *People v. Olvera* (2018) 24 Cal.App.5th 1112, 1116-1117 (*Olvera*).) Under this standard we "accord deference to the trial court's factual determinations if supported by substantial evidence in the record, but exercise our independent judgment in deciding whether the facts

demonstrate trial counsel's deficient performance and resulting prejudice to the defendant." (*Ogunmowo, supra*, 23 Cal. App.5th at p. 76.)

### 3. Nguyen Failed to Demonstrate an Error In his Ability to Understand the Adverse Immigration Consequences of His Pleas

#### a. Nguyen Received Unequivocal Immigration Advisements in Case Nos. CC305358, CC324011, and 211021

Nguyen first claims he did not understand the immigration consequences of his pleas. But he received immigration advisements in case Nos. CC305358, CC324011, and 211021 that were unequivocal. Prior to entering his pleas in case Nos. CC305358 and CC324011, the trial court advised Nguyen that "if you are not a citizen of the United States, conviction of these charges *will* have the consequences of deportation, exclusion from admission or denial of naturalization pursuant to the laws of the United States." (Italics added.) The court asked Nguyen "do you understand those consequences *and have you discussed them with your attorney?*" (Italics added.) Nguyen responded "Yes, Your Honor."

In case No. 211021, Nguyen executed a change of plea form stating he understood that "if I am not a citizen of the United States, my plea of guilty or no contest in this case *will* result in my deportation (removal), exclusion from reentry to the United States, or denial of naturalization and amnesty pursuant to the laws of the United States." (Italics added). Nguyen's counsel also executed an "attorney's statement" stating that "I have reviewed the form with my client" and "[i]f applicable, I have discussed the immigration consequences with the defendant." Prior to entering his plea, the court asked Nguyen whether he had read and understood everything he had signed. Nguyen confirmed he had read and understood the form and he had no questions.

In *People v. Perez* (2018) 19 Cal.App.5th 818 (*Perez*), the change of plea form initialed and signed on the defendant's behalf indicated his guilty plea could result in his deportation. (*Id*. at pp. 829-830.) It also provided that "if he pled guilty to certain

9

enumerated crimes . . . he would be deported." (*Ibid*.) The trial court explicitly informed the defendant that if he were to plead guilty, he would be deported from the United States. (*Id*. at pp. 829-830.) In rejecting the defendant's claim of entitlement to relief under section 1473.7, the appellate court concluded the superior court left no doubt the defendant would be deported if he pled guilty. (*Id*. at p. 830.)

Similarly, in *Olvera*, *supra*, 24 Cal.App.5th 1112, the defendant executed a form with standardized language that clearly advised him he would suffer adverse immigration consequences as the result of his plea. (*Id*. at pp. 1114-1115.) The form stated that "a criminal offense of any kind on my legal status as a non-citizen will change from time to time," so "I hereby expressly assume that my plea . . . <u>will</u>, now or later, result in my deportation, exclusion from admission or readmission," and "denial of naturalization and citizenship." (*Ibid*.) Because the defendant had been clearly advised of the immigration consequences, the court of appeal found the defendant had failed to demonstrate ineffective assistance of counsel. (*Id*. at p. 1117.) "The admonition was boilerplate, but it was unequivocal and accurate. As the trial court observed, the written admonition on the plea form was "pretty straightforward, especially for 2005." (*Ibid*.)

The advisements provided in *People v. Tapia* (2018) 26 Cal.App.5th 942 (*Tapia*) are also instructive. There, the defendant executed a change of plea form advising him that "if not a citizen, my plea may have the consequence of my deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States." (*Id*. at p. 945.) At his change of plea hearing, the defendant's attorney noted on the record that the defendant was a legal permanent resident and that counsel wanted to check how the conviction would affect his status. (*Id*. at p. 952.) Defense counsel then discussed the matter with his client, advising him the plea would expose him to adverse immigration consequences. (*Ibid*.) When addressing the immigration consequences of his plea, the court inquired "do you understand, also, if you're not a citizen of the United States and you enter a plea of guilty or no contest, it *will* result in

10

your being deported to your country of origin and never being allowed to legally return to this country and never being allowed to become a legal citizen of this country. [¶] Do you understand this?" (*Id*. at p. 946.) The defendant confirmed that he did. (*Ibid*.) Noting that the only evidence that the defendant presented that he was *not* advised was his own self-serving declaration, the appellate court rejected his ineffective assistance of counsel claim. (*Id*. at p. 953.)

Here, as in *Perez*, *Olvera,* and *Tapia*, Nguyen was clearly on notice through the waiver forms and in the oral plea waiver colloquy with the trial court, that his convictions *would* have adverse immigration consequences, specifically, that he would be deported if he entered a guilty plea to the charges. In his declaration supporting the motion to vacate the convictions, Nguyen presented no facts or evidence showing he did not understand those advisements or that he received incorrect advice in evaluating or responding to them. Nguyen also failed to present any corroborating evidence to support such claims. Since the record shows Nguyen acknowledged receiving unequivocal advisements that his pleas would result in adverse immigration consequences, Nguyen has failed to demonstrate that any error affected his ability to understand or knowingly accept the actual or potential adverse immigration consequences of his pleas. (§ 1473.7, subd. (a)(1).)

### b. Nguyen's Challenge to His Probation Revocation Proceeding in Case No. CC261145 Is Not Properly Raised in a Section 1473.7 Motion

In case No. CC261145, Nguyen contends his attorney could have sought a reduction of one day in the 365-day jail term that the trial court imposed in 2009 after revoking his probation. Nguyen's assertion fails because section 1473.7 does not apply in the context of probation revocation proceedings. The statute provides potential relief where a person suffered from a prejudicial error that damaged ". . . the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or

11

potential adverse consequences of a plea of guilty or nolo contendre." (§ 1473.7, subd. (a)(1).)

Here, Nguyen maintains that his attorney did not advocate for a sentencing result that would minimize the adverse immigration consequences of his admission to a probation violation. In *People v. Cruz-Lopez* (2018) 27 Cal.App.5th 212, Division One of the First District Court of Appeal found the plain language of the statute inapplicable to this aspect of criminal proceedings. (*Id*. at p. 221.) Noting that the statute was limited to challenges based on a failure to understand "the immigration consequences of a *guilty plea or no contest plea,"* the appellate court found section 1473.7 inapplicable to such challenges. (*Id*. at p. 221.) Nguyen urges us not to follow *Cruz-Lopez*. He contends that finding section 1473.7 inapplicable to probation revocation proceedings would "throw the baby out with the bath water."

We disagree. Of course, we "are not bound by the decision of a sister Court of Appeal" but "[w]e respect stare decisis, however, which serves the important goals of stability in the law and predictability of decision" and we therefore "ordinarily follow the decisions of other districts without good reason to disagree." (*The MEGA Life & Health Ins. Co. v. Superior Court* (2009) 172 Cal.App.4th 1522, 1529; see also *People v. Lujano* (2014) 229 Cal.App.4th 175, 190.) In the present case, we find the reasoning in *Cruz-Lopez* persuasive and see no reason to depart from its reasoning and conclusion.

Even if we assume that section 1473.7 does properly apply in the probation revocation context, Nguyen failed to allege in the trial court that he would have refused to admit his violation of probation had he been aware of the immigration consequences, and failed to present any contemporaneous evidence that would have supported such an assertion. In the absence of such facts or evidence, he has failed to demonstrate his entitlement to relief. (*DeJesus, supra*, 37 Cal.App.5th at p. 1137.)

12

### c. *Nguyen Has Failed to Demonstrate Prejudice Due to his Attorneys' Alleged Failure to Research, Advise, and Defend Against the Adverse Immigration Consequences of his Pleas*

In addition to arguing that he did not understand the immigration consequences when he entered pleas of guilty in the cases discussed above, Nguyen contends he is entitled to relief because his attorneys failed to adequately advise him about and defend against the immigration consequences of his guilty pleas. Nguyen appears to assert that his attorneys' representation fell below an objective standard of competent representation as a result of their failure to do so. Nguyen cites to *People v. Bautista* (2004) 115 Cal.App.4th 229 (*Bautista*) and *People v. Soriano* (1987) 194 Cal.App.3d 1470 (*Soriano*).

In *Bautista*, the defendant filed a petition for writ of habeas corpus alleging that he had received ineffective assistance of counsel when his attorney did not advise him that a consequence of his plea included mandatory deportation and exclusion from the United States. (*Bautista, supra,* 115 Cal.App.4th at p. 232.) The defendant's attorney stated in a declaration that he knew that his client had a green card and was not a citizen and that he was pleading to a deportable offense. (*Id.* at p. 238.) Defense counsel stated that he did not attempt to "plead upward" to an offense with a greater penalty that was non-deportable because the possibility "never entered [his] mind." (*Ibid.*) Along with his petition, the defendant submitted a declaration from an immigration law expert. (*Id.* at pp. 238-242.) The immigration expert stated that he believed the attorney's performance fell below an objective standard of reasonableness. (*Id.* at p. 240.) Finding that the defendant "may have been prejudiced by the attorney's failure to investigate, advise, and utilize defense alternatives to a plea of guilty to an 'aggravated felony,' " this court issued an order to show cause to the trial court for an evidentiary hearing. (*Id.* at p. 242.)

In *Soriano*, the defendant filed a petition for writ of habeas corpus contending he received ineffective assistance of counsel when his attorney failed to adequately inform him of the immigration consequences of his plea or defend against them. (*Soriano*,

13

*supra,* 194 Cal.App.3d at p. 1478.) The evidence was conflicting as to what counsel advised the defendant. (*Id*. at p. 1479.) While the defendant claimed his attorney informed him on two separate occasions that he would not be deported, counsel stated she warned the defendant that "deportation 'could' result." (*Id*. at p. 1479.) The appellate court found the attorney's general immigration advisement was not sufficient under these circumstances, emphasizing that "[w]hat is uncontested is that counsel, knowing defendant was an alien, resident in this country less than five years at the time he committed the crime, did not make it her business to discover what impact his negotiated sentence would have on his deportability." (*Id*. at p. 1480.)

We note that Nguyen entered his pleas and admissions in all four cases prior to the United States Supreme Court's opinion in *Padilla v. Kentucky* (2010) 559 U.S. 356, 374 (*Padilla*). In *Padilla*, the high court held that an attorney has an obligation under the Sixth Amendment to the United States Constitution to advise his or her client whether entering a plea carries a risk of deportation. (*Id*. at pp. 368-369.) *Padilla* established a rule that altered the law of most jurisdictions and established a new and heightened standard of care applicable to criminal defense counsel representing individuals who are not citizens of the United States. (*Chaidez v. U.S.* (2013) 568 U.S. 342, 352-354.) While the California Supreme Court made clear in *In re Resendiz* (2001) 25 Cal.4th 230, 253, (*Resendiz*), abrogated in part on other grounds in *Padilla*, *supra*, 559 U.S. at p. 370, that incorrect advice could constitute deficient performance by defense counsel, we do not agree that an attorney's obligation to provide comprehensive immigration advice to a non-citizen client prior to *Padilla* was the established standard of care in every criminal case at the time counsel represented Nguyen. (*Olvera, supra,* 24 Cal.App.5th at p. 1117.)

Contrary to Nguyen's suggestion, *Bautista* and *Soriano* do not establish that his attorneys had such an obligation prior to *Padilla*. In both *Bautista* and *Soriano* defense counsel, knowing she represented a client without United States citizenship, failed to advise her client of the potential of deportation, and failed to research the immigration

14

consequences of a guilty plea.  But here, Nguyen, who in his declaration indicated that he arrived in the United States at age eight, did not demonstrate that his attorneys knew that he was not a citizen of the United States and still did not take steps to ameliorate the potential adverse immigration consequences of his pleas.  Nor did Nguyen provide expert testimony, such as that presented in *Bautista*, that counsel failed in his obligation to provide immigration consequence advisements that amounted to representation below an objective standard of reasonableness.  Neither did Nguyen present evidence that his attorneys affirmatively misadvised him regarding the immigration consequences of a guilty plea.  (*Resendiz, supra*, 25 Cal.4th at p. 253.)

In any event, even if we concluded that Nguyen's attorneys had an affirmative obligation pre-*Padilla* to research and provide comprehensive immigration advice to him, Nguyen has not established that his lawyers were ineffective, because he has failed to demonstrate prejudice.  "To show prejudice, a defendant must establish that he would not have entered the plea if he had known it would render him deportable.  In assessing the latter element, courts should look to "contemporaneous evidence to substantiate a defendant's expressed preferences." (*DeJesus, supra*, 37 Cal.App.5th at p. 1133; *Camacho*, *supra*, 32 Cal.App.5th at pp. 1009-1010; see also *People v. Mejia* (2019) 36 Cal.App.5th 859, 870-871.)

In assessing prejudice, it is appropriate for the court to consider the likelihood of success at trial and the potential consequences after trial compared to the consequences of a guilty plea.  (*Lee v. U.S.* (2017) 582 U.S. __, 137 S.Ct. 1958, 1966-1967, 198 L.Ed.2d 476; *Tapia, supra*, 26 Cal.App.5th at p. 954.)  In his declaration, Nguyen failed to allege he would have rejected the plea agreements in each of his four cases had he been aware that his pleas would have resulted in adverse immigration consequences.  He also did not provide any facts or evidence showing may have elected to proceed to trial even in the face of overwhelming evidence of guilt.  (*Lee, supra*, 137 S.Ct. 1958, 1966-1967; [it could be reasonably probable that a defendant would have rejected "any plea leading to

deportation—even if it shaved off prison time—in favor of throwing a 'Hail Mary' at trial," where "avoiding deportation was the determinative factor for [the defendant]."].)

Considering the potential consequences of going to trial, it is not obvious Nguyen would have rejected his plea agreements in all four cases. For example, in case No. 211021, Nguyen faced a sentence of two, three, or four years based on a conviction for assault with a deadly weapon or by means of force likely to produce great bodily injury. (§ 245, subd. (a)(1) [as amended by Stats. 1999, ch. 129 (S.B. 23), § 1].) As the result of his admission to the criminal street gang allegation, Nguyen could have received an additional five years in state prison. (§ 186.22, subd. (b)(1)(B) [as amended by Stats. 2001, ch. 854 (S.B. 205), § 22].) Nguyen would have been statutorily prohibited from receiving a grant of probation under section 1203 subdivision (k) and it appears that he only avoided a state prison sentence as the result of his plea agreement.[3]

In his declaration, Nguyen only claimed he did not recall whether his attorneys advised him of the possibility of seeking an outcome that would avoid adverse

---

[3] Section 1203 subdivision (k) provides that: "[p]robation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of a violent felony, as defined in subdivision (c) of Section 667.5, or a serious felony, as defined in subdivision (c) of Section 1192.7, and who was on probation for a felony offense at the time of the commission of the new felony offense." (§ 1203, subd. (k).) In case No. 211021, it was alleged that Nguyen was on felony probation at the time of his offense. Moreover, Nguyen's conviction qualified as a serious felony as a result of his admission of the criminal street gang enhancement and due to the fact that it was alleged that he committed the offense "with a deadly weapon and instrument other than a firearm…*and* by means of force likely to produce great bodily injury." (§ 1192.7, subds. (c)(28), (31); see also *People v. Briceno* (2004) 34 Cal.4th 451, 456 ["the definition of 'serious felony' in section 1192.7(c)(28) also includes 'any felony offense' that was committed for the benefit of a criminal street gang within the meaning of section 186.22(b)(1)"].) It was further alleged Nguyen had suffered a prior strike and a prior serious felony based on his conviction for violating section 245 in case No. CC261145. Since Nguyen pleaded guilty to assault by means of force likely to produce great bodily injury in case No. CC261145, it does not appear that the conviction would have properly qualified as either a prior strike or a prior serious felony within the meaning of section 667, subd. (a)(1). (See § 1192.7, subds. (c)(1)-(42).)

immigration consequences. He also alleged he did not know that he could negotiate for changes that would help him avoid getting deported. He did not testify at the hearing on the motion to vacate. Without any facts or evidence[4] supporting the conclusion that Nguyen would have rejected his plea agreements in all four cases had he been unable to negotiate an immigration-neutral disposition, these allegations are insufficient to demonstrate prejudice within the meaning of section 1473.7. (*Cruz-Lopez, supra*, 27 Cal.App.5th at pp. 223-224; see also *In re Alvernaz* (1992) 2 Cal.4th 924, 938.) Because our independent review of the record shows Nguyen failed to demonstrate by a preponderance of the evidence that he would have rejected his plea agreements had he been aware of the immigration consequences in each of his four cases, he has not demonstrated prejudice within the meaning of section 1473.7. In sum, Nguyen has failed to show his lack of understanding of the immigration consequences of his pleas either alone or combined with his attorneys' failure to research, advise, or defend against them entitled him to relief. We conclude the trial court properly denied the motion.

## III. DISPOSITION

The order denying Nguyen's motion to vacate his convictions under section 1473.7 is affirmed.

---

[4] In his reply brief, Nguyen cites to an email from a deputy district attorney indicating that it is likely he would have been allowed to "plead up" to violations of section 11379 in two of his four cases. It does not appear that this e-mail was included with Nguyen's motion. Even had it been included, Nguyen failed to allege in his declaration that he would have agreed to such a disposition.

_____
Greenwood, P.J.


WE CONCUR:




_____
Grover, J.






_____
 Danner, J.




People v. Nguyen
No. H046531