292 F.3d 1049
 Kenneth VASQUEZ; Linda Vasquez, as individuals, Plaintiffs-Appellants,
City of San Diego, a municipal corporation, permissibly self-insured, Intervenor-Appellant,
v.
NORTH COUNTY TRANSIT DISTRICT (NCTD); San Diego Northern Railroad Company (subsidiary of NCTD); Metropolitan Transit Development Board; Santa Fe Railway; Atchison Railroad; Topeka Railroad; Burlington Northern Santa Fe Railway Company; San Diego Metropolitan Transit Board; San Diego Metropolitan Transit District; National Railroad Passenger Corporation (Amtrak) (formerly DOE 2); and DOES 4 through 200, inclusive, Defendants-Appellees, and
Safetran Systems (formerly DOE 3); Western Cullen-Hayes, Inc. (formerly DOE 1), Defendants.
Kenneth Vasquez; Linda Vasquez, as individuals, Plaintiffs-Appellees,
City of San Diego, a municipal corporation, permissibly self-insured, Intervenor-Appellee,
v.
North County Transit District, San Diego Northern Railroad Company (subsidiary of NCTD); Santa Fe Railway; Atchison Railroad; Topeka Railroad; Burlington Northern Santa Fe Railway Company; San Diego Metropolitan Transit Board; San Diego Metropolitan Transit District; Western Cullen-Hayes, Inc. (formerly DOE 1); National Railroad Passenger Corporation (Amtrak) (formerly DOE 2); Safetran Systems (formerly DOE 3); and DOES 4 through 200, inclusive, Defendants, and
Metropolitan Transit Development Board, Defendant-Appellant.
 No. 01-55326.
 No. 01-55415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 2002.
 Filed June 11, 2002.
 As Amended August 7, 2002.
 
 COPYRIGHT MATERIAL OMITTED Dan Zeidman, Law Offices of Dan Zeidman, El Cajon, CA, for the plaintiffs-appellants-plaintiffs-appellees.
 Tracy R. Richmond, Worden, Williams, Richmond, Brechtel & Gibbs, APC, Solana Beach, CA, for the defendants-appellees; Robert R. Heft and Lee H. Roistacher, Daley & Heft, Solana Beach, CA, for the defendant-appellee-defendant-appellant.
 Robert J. Mulcahy, Deputy City Attorney, City of San Diego, for the intervenor-appellant-intervenor-appellee.
 Appeals from the United States District Court for the Southern District of California; M. James Lorenz, District Judge, Presiding. D.C. No. CV-97-01996-L(POR).
 Before: REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.
 GRABER, Circuit Judge.
 
 
 1
 Plaintiff Kenneth Vasquez brought this action against Defendants Metropolitan Transit Development Board (Board), North County Transit District, San Diego Northern Railroad Company, and Amtrak to recover damages for personal injury.[1] Vasquez, a police officer, was hurt while working when a railroad crossing-gate arm broke and struck him on the head. The City of San Diego (City), which covered the resulting workers' compensation claim, intervened to recover benefits paid to Vasquez.
 
 
 2
 The district court granted summary judgment in favor of Defendants on the ground that the "firefighter's rule" prevented Vasquez and the City from recovering damages. That doctrine generally bars firefighters and police officers from suing those whose negligence caused or contributed to a fire or dangerous condition that, in turn, caused the firefighter's or officer's injury or death.
 
 
 3
 However, the district court had denied two motions in which the Board sought to dispose of the City's claim. First, the Board argued that the City's claim arose under California workers' compensation law and, therefore, could not be removed to federal court. 28 U.S.C. § 1445(c). The district court disagreed, ruling that the claim did not arise under the workers' compensation law. Second, the Board argued that the City was not a proper party to recover expenses that it incurred as a result of Vasquez' disability retirement. The district court ruled to the contrary.
 
 
 4
 Vasquez and the City appeal the district court's grant of summary judgment to Defendants, and the Board cross-appeals the district court's denial of its two motions. We hold that (1) the firefighter's rule does not preclude Vasquez and the City from bringing this action because the "independent cause" exception may apply; (2) 28 U.S.C. § 1445(c) does not divest the district court of jurisdiction because the City's claim against the Board was first properly filed in federal court and no other party objected to removal; and (3) the City may recover funds that it had to pay as a result of Vasquez' disability retirement.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 A. The Accident
 
 5
 Kenneth Vasquez, a police officer, was dispatched to a railroad crossing in downtown San Diego because the crossing-gate arms at the railroad tracks were stuck in the "down" position and traffic was backing up. While Vasquez was directing traffic, another officer manually lifted the crossing-gate arm across the street from where Vasquez was standing. The arm on Vasquez' side also responded to this manual movement, and all the crossing-gate arms moved into a vertical position. Seeing that the traffic could flow normally again, Vasquez turned his back to the crossing and began to return to his police car. Unfortunately, the crossing-gate arm nearest him broke and fell. Instead of traveling down in its usual arc to a position perpendicular to the roadway, the arm fell sideways and struck Vasquez on the head.
 
 
 6
 Another officer at the scene found two bolts that had once connected the crossing-gate arm to the lifting mechanism. Apparently, the bolts holding the arm had broken, causing it to fall sideways rather than straight down. The bolts found near the collapsed arm appeared to be unrelated to the electrical unit that raised and lowered the arm.
 
 B. Removal Procedures
 
 7
 Vasquez filed an action in state court. He alleged claims for personal injury, premises liability, product defect and product liability, and general negligence. His wife alleged loss of consortium. Amtrak removed the case to federal court on the ground that the company is a federally chartered corporation and the United States of America owns more than one-half the company's capital stock. 28 U.S.C. §§ 1331, 1349, 1441(a). Only one other Defendant, North County Transit District, joined in Amtrak's notice of removal, and no party sought remand to the state court within 30 days after the filing of the notice of removal. See 28 U.S.C. § 1447(c).
 
 
 8
 Because Vasquez' injuries occurred while he was engaged in his duties as a police officer, he was entitled to workers' compensation benefits. The City, Vasquez' workers' compensation provider, filed a complaint in intervention in state court, pursuant to California Labor Code § 3852,[2] seeking to recover the benefits it paid to Vasquez. Although the City properly served the other parties with its state-court complaint in intervention, it failed to serve the Board before the action was removed to federal court. After removal, the City neglected to perfect service against the Board within 120 days as required by 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m).[3]
 
 
 9
 The Board moved to dismiss the City's claim on this ground and on the ground that the district court lacked jurisdiction. The Board asserted that the City's claim could not be removed to federal court because of 28 U.S.C. § 1445(c), which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." (Emphasis added.) The district court ruled that the City's claim did not "aris[e] under" section 3852 and, therefore, removal of the claim was allowed. However, because the City had failed to effect proper service, the district court dismissed without prejudice the City's complaint against the Board.
 
 
 10
 The City then filed an amended complaint in intervention, in federal court, which it properly served on the Board and the other parties. In addition to seeking reimbursement for standard workers' compensation benefits, the City sought to recover the excess cost of Vasquez' disability retirement.
 
 C. Summary Judgment Procedures
 
 11
 Shortly after Amtrak removed the case to federal court, Defendants filed a motion for summary judgment, which the district court denied. Later, the California Court of Appeal decided Farnam v. State, 84 Cal.App.4th 1448, 101 Cal.Rptr.2d 642 (2000). On the basis of that new precedent, Defendants asked to renew their motion for summary judgment. The court permitted them to revive the motion and, thereafter, granted it on the ground that the firefighter's rule barred Vasquez and the City from bringing their claims.
 
 
 12
 Additionally, the Board filed a motion for partial summary judgment with respect to the City's amended complaint in intervention. The Board argued that the City was not a proper plaintiff to recover disability retirement benefits paid to Vasquez and, accordingly, that the City should not be allowed to pursue that part of its claim. The district court denied the motion.
 
 D. The Appeal
 
 13
 Vasquez and the City timely appealed, and the Board timely cross-appealed.
 
 STANDARD OF REVIEW
 
 14
 We review de novo a grant of summary judgment. Delta Sav. Bank v. United States, 265 F.3d 1017, 1021 (9th Cir. 2001), cert. denied, ___ U.S. ___, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002). The propriety of removal is a question of federal jurisdiction that, likewise, we review de novo. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir.1999).
 
 
 15
 We also review de novo the district court's interpretation of state law. Churchill v. F/V Fjord (In re McLinn), 739 F.2d 1395, 1398 (9th Cir.1984) (en banc). When interpreting state law, we are bound to follow the decisions of the state's highest court. Hewitt v. Joyner, 940 F.2d 1561, 1565(9th Cir.1991). "When the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises." Id.
 
 DISCUSSION
 A. The Firefighter's Rule
 
 16
 The firefighter's rule originated as a common law doctrine. It precluded firefighters from suing those whose negligence caused or contributed to a fire that, in turn, caused the firefighter's injury or death. Neighbarger v. Irwin Indus., Inc., 8 Cal.4th 532, 34 Cal.Rptr.2d 630, 882 P.2d 347, 351-52 (1994). In California, the rule extends to police officers as well. Walters v. Sloan, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609, 610-11 (1977), overruled on other grounds by Neighbarger, 34 Cal. Rptr.2d 630, 882 P.2d at 354. The principal reason for the firefighter's rule is assumption of the risk, namely, that "one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby." Lipson v. Superior Court, 31 Cal.3d 362, 182 Cal.Rptr. 629, 644 P.2d 822, 827 (1982) (citation and internal quotation marks omitted); see also Calatayud v. State, 18 Cal.4th 1057, 77 Cal. Rptr.2d 202, 959 P.2d 360, 362 (1998) ("The undergirding legal principle of the rule is assumption of the risk....").
 
 
 17
 The firefighter's rule does not prevent recovery in all situations in which officers are injured in the course of performing their duties. To the contrary, California's legislature and courts have crafted a number of exceptions. Cal. Civ. Code § 1714.9; Neighbarger, 34 Cal. Rptr.2d 630, 882 P.2d at 352 ("The firefighter's rule ... is hedged about with exceptions."). One of these, the independent cause exception, is at issue in this appeal.
 
 
 18
 Under the independent cause exception, the firefighter's rule does not shield a defendant from liability "for acts of misconduct which are independent from those which necessitated the summoning of the" officer. Lipson, 182 Cal.Rptr. 629, 644 P.2d at 826. In other words, the firefighter's rule does not apply when the act of negligence that caused the injury is not the same act as the one that prompted the officer's presence at the scene. The main rationale behind the independent cause exception is that "a fireman does not assume every possible risk he may encounter while engaged in his occupation." Id. at 827; see also Seibert Sec. Servs., Inc. v. Superior Court, 18 Cal.App.4th 394, 22 Cal.Rptr.2d 514, 519 (1993) (stating that the "police officer stands in the same posture as any citizen venturing onto the land of another; his occupation compels him to face felons or fires, not rickety roofs or faulty fences").
 
 
 19
 Different California Courts of Appeal have interpreted the independent cause exception in different ways. Vasquez and the City point to Donohue v. San Francisco Housing Authority, 16 Cal.App.4th 658, 20 Cal.Rptr.2d 148 (1993), while Defendants rely on Farnam.
 
 
 20
 In Donohue, a firefighter was injured when he slipped on wet, slick concrete stairs while performing a fire safety inspection. 20 Cal.Rptr.2d at 149. The court, citing the independent cause exception, held that the firefighter's rule did not preclude the firefighter from bringing suit against the building's owner:
 
 
 21
 The fact that plaintiff was injured while in the regular course of his duties as a fireman and that the hazard was one normally encountered as part of his job, are not dispositive. The negligent conduct at issue was [the defendant's] failure to install non-slip adhesive treads on the stairs coupled with the improper maintenance practice of hosing down the stairs. Neither of these acts was the reason for plaintiff's presence. Plaintiff was not summoned to the scene to inspect the slipperiness of the stairs, he was there to inspect for fire code violations. Since the injuries were not caused by an act of negligence which prompted plaintiff's presence in the building, the firefighter's rule does not bar the present claim.
 
 
 22
 Id. at 150-51.
 
 
 23
 In Farnam, a city police officer was bitten by a state patrol officer's police dog. 101 Cal.Rptr.2d at 644. The court held that the firefighter's rule prevented the injured officer from maintaining an action against the state patrol officer. Id. In arriving at that conclusion, the court refused to apply the independent cause exception:
 
 
 24
 The language in some cases ... appears to restrict the firefighter's rule to conduct that necessitated summoning an officer. But a review of the applications of the rule to specific facts in other cases demonstrates it is not so limited. Rather, in the employment context, the rule has been applied to conduct in addition to that "which necessitates the summoning of the ... officer."
 
 
 25
 Id. at 645 (citing and quoting Neighbarger, 34 Cal.Rptr.2d 630, 882 P.2d at 352).
 
 
 26
 Vasquez and the City argue that there is a genuine issue of fact as to whether the collapse of the crossing-gate arm was unrelated to the faulty lifting mechanism that caused the arm to become stuck in the down position. They point to evidence in the record that the problem that necessitated Vasquez' presence at the scene of the accident (the crossing-gate arms were stuck in the down position) was not the same as the allegedly negligent act that caused the gate arm to fall sideways and strike Vasquez (the arm's attaching bolts were improperly designed and maintained). Relying on Donohue, they argue that the independent cause exception to the firefighter's rule applies if they show that the two problems did not result from the same negligent act.
 
 
 27
 By contrast, Defendants interpret the exception narrowly. They argue that it does not apply as a matter of law, because Vasquez was summoned to the scene to deal with the same instrumentality (the crossing-gate arm) that caused his injury. Relying on Farnam, Defendants assert that the firefighter's rule bars the actions brought by Vasquez and the City.
 
 
 28
 For the reasons that we elaborate below, we agree with Vasquez and the City that Donohue is the benchmark. Accordingly, the district court erred in dismissing the action as a matter of law.
 
 1. California Civil Code § 1714.9(e)
 
 29
 California Civil Code § 1714.9 outlines individual responsibility for willful or negligent acts that cause injury to firefighters and other emergency personnel. Section 1714.9(e) specifically mentions the independent cause exception: "This section is not intended to change or modify the common law independent cause exception to the firefighter's rule as set forth in Donohue v. San Francisco Housing Authority (1993) 16 Cal.App.4th 658, 20 Cal. Rptr.2d 148." Vasquez and the City argue that the legislature's citation of Donohue demonstrates that it viewed that case as properly interpreting the scope of the independent cause exception. Because Farnam reads the exception more narrowly than Donohue does, Vasquez and the City argue that Farnam is no longer good law.
 
 
 30
 Defendants respond that section 1714.9(e) is not retroactive. They argue that, because the statute was amended after Vasquez was injured, it is inapplicable. See W. Sec. Bank v. Superior Court, 15 Cal.4th 232, 62 Cal.Rptr.2d 243, 249, 933 P.2d 507 (1997) ("A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so."). But "a statute that merely clarifies, rather than changes, existing law" may be "applied to transactions predating its enactment." Id. at 250, 62 Cal.Rptr.2d 243, 933 P.2d 507. As the California Supreme Court has explained,
 
 
 31
 where a statute provides that it clarifies or declares existing law, it is obvious that such a provision is indicative of a legislative intent that the amendment apply to all existing causes of action from the date of its enactment.... [A court] must give effect to this intention unless there is some constitutional objection thereto.
 
 
 32
 Id. at 251, 62 Cal.Rptr.2d 243, 933 P.2d 507 (alteration, citation, and internal quotation marks omitted).
 
 
 33
 In this instance, the legislature did not intend to change the law, but only to clarify it. The legislature explained that the amendment protected the common law status quo with respect to the independent cause exception to the firefighter's rule: "This section is not intended to change or modify the common law independent cause exception to the firefighter's rule...." Cal. Civ.Code § 1714.9(e). The legislature further clarified what it understood to be the status quo, namely, the broad interpretation of the independent cause exception "as set forth in Donohue v. San Francisco Housing Authority (1993) 16 Cal.App.4th 658, 20 Cal.Rptr.2d 148." Id.
 
 
 34
 In this way, the present action is quite similar to City of Redlands v. Sorensen, 176 Cal.App.3d 202, 221 Cal.Rptr. 728 (1985). In Sorensen, a police officer brought an action to recover damages for injuries that he sustained in a car chase. Id. at 728-29. A recent decision of the California Supreme Court appeared to require application of the firefighter's rule. Id. at 729-30. However, after the officer's injury, the California legislature enacted section 1714.9, which provided an exception to the rule in cases such as the officer's. Id. at 729, 731. The defendants argued that the statute did not apply retroactively and that, therefore, the officer could not maintain the action. Id. at 729. The court of appeal rejected the argument, reasoning that
 
 
 35
 Civil Code section 1714.9 simply clarified that the fireman's rule does not preclude recovery in a proper case where injury is caused [to] the fireman or policeman by an independent act of misconduct after his or her presence at the scene is known or should have been known. This does not represent a change in the law.
 
 
 36
 Id. at 733. In rejecting the defendants' argument that section 1714.9 could not be applied to conduct predating the enactment of the statute, the court explained that
 
 
 37
 it is also well established that the enactment of a statute or an amendment to a statute for the purpose of clarifying preexisting law or making express the original legislative intent is not considered a change in the law; in legal theory it simply states the law as it was all the time, and no question of retroactive application is involved. Where an amendment to a statute is remedial in nature and merely serves to clarify the existing law, the Legislature's intent that it be applied retroactively may be inferred.
 
 
 38
 Id. at 732 (citation and internal quotation marks omitted).
 
 
 39
 In accordance with the foregoing authorities, we hold that § 1714.9(e) applies, and it points to Donohue for the governing interpretation of the independent cause exception. That conclusion does not end our inquiry, however.
 
 
 40
 Defendants argue in the alternative that, even if the statute applies, it does not support Vasquez' and the City's interpretation of the independent cause exception. They cite Calatayud, a case in which the California Supreme Court applied the firefighter's rule to bar an action brought by one police officer against another police officer who injured him while the two were attempting to arrest a suspect. Calatayud does not advance the analysis. It interpreted neither section 1714.9(e) nor the scope of the independent cause exception to the firefighter's rule but, instead, interpreted only whether the words "any person" in subsection (a)(1) of the statute[4] included other police officers. Calatayud, 77 Cal.Rptr.2d 202, 959 P.2d at 364, 365 n. 9; see also City of Oceanside v. Superior Court, 81 Cal.App.4th 269, 96 Cal.Rptr.2d 621, 629 (2000) ("Calatayud expressly limited its holding to interpretation of section 1714.9(a)(1)."). That is not an issue in the present case.
 
 
 41
 In sum, section 1714.9(e) is relevant to conduct that occurred before its passage. Under the statute, the independent cause exception to the firefighter's rule would apply if Vasquez and the City prove that two separate negligent acts occurred in this case.
 
 2. California Supreme Court Cases
 
 42
 Even in the absence of section 1714.9, we would disagree with Defendants. The California Supreme Court has never interpreted the independent cause exception as narrowly as the court of appeal did in Farnam.
 
 
 43
 Lipson is one of the earliest California Supreme Court cases discussing the scope of the independent cause exception. In Lipson, a firefighter who responded to a boilover of toxic chemicals was injured by exposure to the chemicals. 182 Cal.Rptr. 629, 644 P.2d at 824. Thus, as is true here, the plaintiff was injured by the same instrumentality that necessitated his presence at the scene of the accident. However, the Lipson court held that the firefighter's rule did not apply because the firefighter's injuries were proximately caused by his reliance on the defendant's statement that the boilover did not involve toxic chemicals. Id. at 829-30. The court said:
 
 
 44
 It is, thus, unmistakably clear that in California, the fireman's rule has never been construed as shielding a defendant from liability for acts of misconduct which are independent from those which necessitated the summoning of the fireman. The rule has only been applied to prohibit a fireman from recovering for injuries caused by the very misconduct which created the risk which necessitated his presence.
 
 
 45
 Id. at 826 (citations omitted); see also id. at 825(citing with approval the statement that "the fireman's rule only bars a firefighter from recovering for injuries resulting from a person's negligence or recklessness in causing the fire or other emergency which is the reason for the fireman's presence"). Explaining the scope of the independent cause exception, the Lipson court noted that
 
 
 46
 negligent or willful misconduct, other than that which created the occasion for the police officer's or the fireman's employment, "may create liability to the injured fireman or policeman. Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain[an] action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking."
 
 
 47
 Id. at 826 (quoting Walters, 142 Cal.Rptr. 152, 571 P.2d at 611 n. 2).
 
 
 48
 The California Supreme Court returned to the firefighter's rule in Neighbarger. There, the court held that the rule did not bar an action brought by two private-sector safety employees against those whose negligence gave rise to the injury. 34 Cal.Rptr.2d 630, 882 P.2d at 349. Although the facts of that case are not like the ones that we address today, Neighbarger is instructive for its examination of the independent cause exception. Citing Lipson, the court noted that "[t]he rule does not apply to conduct other than that which necessitated the summoning of the firefighter or police officer, and it does not apply to independent acts of misconduct that are committed after the firefighter or police officer has arrived on the scene." Neighbarger, 34 Cal.Rptr.2d 630, 882 P.2d at 352 (citing Lipson, 182 Cal.Rptr. 629, 644 P.2d at 825, 829).
 
 
 49
 Nor does Calatayud assist Defendants in this context. The California Supreme Court explicitly stated that its review was limited to a question of statutory construction and that it would not address the independent cause exception to the firefighter's rule. 77 Cal.Rptr.2d 202, 959 P.2d at 365 n. 9. Further, Calatayud cited with approval prior broad articulations of the independent cause exception: "Like most legal principles, the firefighter's rule is not without its exceptions.... The rule does not apply to conduct other than that which necessitated the summoning of the firefighter or police officer...." Id. at 364(citation and internal quotation marks omitted); see also id. at 361 ("One who negligently causes the event to which a police officer responds owes no duty of care with respect to the initial negligent act.").
 
 
 50
 We conclude that no decision of the California Supreme Court adopts Farnam's narrow interpretation of the independent cause exception. However, Defendants also claim support from several court of appeal decisions. We turn now to an examination of those cases.
 
 3. California Court of Appeal Cases
 
 51
 Most of the court of appeal cases support Donohue's broad interpretation of the independent cause exception. For example:
 
 
 52
 In Stapper v. GMI Holdings, Inc., 73 Cal.App.4th 787, 86 Cal.Rptr.2d 688 (1999), an injured firefighter sued the maker of a garage door that allegedly malfunctioned, trapping the firefighter in a burning garage. Although the plaintiff's injuries were the direct result of fire, the very danger that she arrived to confront, the court did not apply the firefighter's rule to bar the plaintiff's suit against the manufacturer of the faulty garage door. Id. at 691. Instead, the court applied the independent cause exception because "the garage door's malfunction was independent of the fire, and not caused by the fire." Id.
 
 
 53
 Similarly, in Malo v. Willis, 126 Cal. App.3d 543, 178 Cal.Rptr. 774 (1981) (per curiam), the court of appeal applied the independent cause exception when the instrumentality causing a police officer's injury was the same one necessitating his presence at the scene of the accident. An officer who had stopped two motorists for speeding parked his patrol car between the two detained vehicles. Id. at 776. The defendant, who was one of the speeders, accidentally struck the police officer's car from behind when he stepped on the clutch instead of the brake. The defendant told the officer that he was not used to driving a car with a manual transmission. Id. The court of appeal held that the independent cause exception applied because the negligence that caused the stop (the defendant's speeding) was not the same negligence that caused the injury (the defendant's unfamiliarity with a manual transmission), despite the fact that the same instrumentality (the defendant's car) was both the reason for the officer's presence at the scene and the cause of his injuries. Id. at 778 ("The risk did not result from the negligent act of speeding but from the entirely separate and independent act of driving an unfamiliar vehicle.").
 
 
 54
 Finally, in Terhell v. American Commonwealth Associates, 172 Cal.App.3d 434, 218 Cal.Rptr. 256, 257-58 (1985), a firefighter fell through an "unguarded and concealed opening in the roof" in the course of performing his duties. (Internal quotation marks omitted.) The court held that the plaintiff's action was not barred by the firefighter's rule because the rule "was not intended to bar recovery for independent acts of misconduct which were not the cause of the plaintiff's presence at the" scene, and "[h]aving an unguarded hole in the roof was not the cause of appellant's presence at the scene." Id. at 258, 260, 172 Cal.App.3d 434 (citation and internal quotation marks omitted).
 
 
 55
 Other court of appeal cases that Defendants cite do not avail them. For example:
 
 
 56
 In City of Oceanside v. Superior Court, 81 Cal.App.4th 269, 96 Cal.Rptr.2d 621 (2000), a lifeguard was injured as a result of following the allegedly negligent instructions of another lifeguard. In disallowing the action, the court relied heavily on the negative public policy consequences of holding one public safety officer responsible for the negligence of another in a joint operation. Id. at 626-31. Those considerations are absent from this case.
 
 
 57
 In Kelhi v. Fitzpatrick, 25 Cal.App.4th 1149, 31 Cal.Rptr.2d 182, 183 (1994), a police officer on his way to work saw the wheels of a truck, which was several hundred feet in front of him, come off the truck's axle. The officer immediately created a "traffic break" with his motorcycle so that other cars would not be struck by the rolling tires, but he was injured by the tires while doing so. Id. The court refused to apply the independent cause exception because the officer was injured by the very hazard to which he was responding, namely, the detached tires in the street: "The facts establish, as a matter of law, that [the officer] was injured by the very risk to which he responded in the line of duty to protect the public." Id. at 187. This case is distinguishable because there is evidence from which a fact-finder could conclude that Vasquez was not injured by the "very risk" that he was called to confront.
 
 
 58
 In summary, the court of appeal cases on which Defendants rely do not support the proposition that Farnam, rather than Donohue, correctly interprets the independent cause exception to the firefighter's rule.
 
 4. Conclusion
 
 59
 The district court erred when it held as a matter of law that the independent cause exception to the firefighter's rule cannot apply. Genuine issues of material fact remain to be resolved.
 
 B. Jurisdiction Over the City's Claim
 
 60
 The Board argues that the district court lacked jurisdiction over the City's claim for recovery of workers' compensation benefits because that claim arises under a state workers' compensation law and, therefore, 28 U.S.C. § 1445(c) bars removal to federal court. We disagree.
 
 
 61
 The court had original jurisdiction over the subject matter of the litigation because the action involves Amtrak and the United States owns a majority of the capital stock of Amtrak. 28 U.S.C. § 1331; Hollus v. Amtrak N.E. Corridor, 937 F.Supp. 1110, 1113-14 (D.N.J.1996). Removal was available because the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[5]
 
 
 62
 We next assume, without deciding, that the City's claim is one "arising under" California's workers' compensation law. Even if § 1445(c) otherwise applies, in the unusual circumstances of this case the availability of removal is unaffected by its terms.
 
 
 63
 As we noted, the City did not serve its state-court complaint in intervention on the Board before the action was removed to federal court. After removal, the City did not perfect timely service, resulting in the district court's dismissal of the City's complaint without prejudice. That dismissal placed the City in the same procedural posture that it would have occupied had it never brought a claim against the Board. See Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir.1995) ("The `without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed."); 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1056, at 253 (3d ed. 2002) ("A dismissal for failing to make service in timely fashion leaves the plaintiff in the same position as if the action never had been commenced...."); 128 Cong. Rec. H9848 (daily ed. Dec. 15, 1982) (statement of Rep. Edwards), reprinted in 1982 U.S.C.C.A.N. 4434, 4442 ("A dismissal without prejudice does not confer upon the plaintiff any rights that the plaintiff does not otherwise possess and leaves a plaintiff whose action has been dismissed in the same position as if the action had never been filed.").
 
 
 64
 Thereafter, the City filed an amended complaint in intervention in federal court and served it on the Board. In these circumstances, the City's amended complaint may be properly viewed as having initiated the City's claim against the Board in federal court.
 
 
 65
 This convoluted procedural history is relevant because 28 U.S.C. § 1445(c) proscribes only the removal of claims arising under state workers' compensation statutes. The statute does not prohibit plaintiffs from filing such actions directly in federal court: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) ("Congress used language specifically barring removal of such cases from state to federal courts and at the same time left unchanged the old language which just as specifically permits civil suits to be filed in federal courts in cases where there are both diversity of citizenship and the prescribed jurisdictional amount."). In other words, a plaintiff may choose either a state or (where otherwise permissible) a federal forum for a claim arising under the workers' compensation laws of a state. The nonremovability provision of § 1445(c) simply protects the plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-court forum disturbed.[6] We need not decide in this case whether § 1445(c) would bar removal of the City's claim against the Board, because that claim was never removed but, instead, was first properly filed in federal court. Thus, § 1445(c) does not apply to the claim and does not divest the district court of jurisdiction.
 
 
 66
 Our analysis is complicated by the fact that the City did properly serve the original state-court complaint on the other Defendants before the action was removed to federal court. However, no other party joined the Board's motion or otherwise objected in any way to the district court's proceeding to consider the City's claim.
 
 
 67
 Even if § 1445(c) otherwise applies here, its bar against removal of workers' compensation claims is nonjurisdictional and may be waived. See Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783, 786 (5th Cir.1993) (holding that § 1445(c)'s "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect that Williams waived"); see also 16 James Wm. Moore et al., Moore's Federal Practice § 107.17[4][b], at 107-143 (3d ed. 2000)("The statutory prohibition against removal of actions arising under state workers' compensation laws is not a matter of the federal court's substantive jurisdiction, but rather has been characterized as a procedural matter."); cf. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir.2001) (allowing waiver of statutory prohibition on removal of admiralty claims because "the federal court would have had original jurisdiction over the claim in the first instance; only the removal proceedings, which are in the nature of process, were defective" (citation and internal quotation marks omitted)). By failing to object in a timely manner to federal jurisdiction, the other parties waived their right to remand the City's claim to state court. See 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."); N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir.1995) (explaining that the statute "requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal").
 
 
 68
 Because the City's claim against the Board was first filed in federal court and because the other parties waived their right to seek a remand, 28 U.S.C. § 1445(c) does not preclude the district court from exercising jurisdiction over the City's claim.
 
 C. The City's Claim for Damages
 
 69
 The Board contends that the City may not recoup anything on account of disability benefits paid to Vasquez, because the San Diego City Employees' Retirement System (SDCERS), not the City, made the payments. Because the City was obligated to pay additional funds to SDCERS as a result of Defendants' allegedly tortious conduct, the district court properly denied the Board's motion for partial summary judgment on this theory.
 
 
 70
 The City introduced evidence showing that, as a result of Vasquez' early disability retirement, it will be forced to pay more into the disability retirement system than it otherwise would. Vasquez is entitled to greater benefits on account of his early, disability retirement than he would have obtained under an ordinary service retirement pension. The City argues that, under California Labor Code § 3852, it is therefore entitled to recover the excess from Defendants.
 
 
 71
 Nothing in section 3852 provides that an employer may recover only those funds that it pays directly to an injured employee. To the contrary, the statute gives employers the right to subrogation for all compensation that it "becomes obligated to pay" as a result of a third party's tortious conduct. The City has presented evidence that it became "obligated to pay" additional money to SDCERS as a result of Defendants' alleged negligence. The statute allows the City to pursue an action against Defendants.
 
 
 72
 Our reading of the statute is consistent with California cases interpreting section 3852. See, e.g., Associated Indem. Corp. v. Pac. S.W. Airlines, 128 Cal.App.3d 898, 180 Cal.Rptr. 685, 688-89 (1982) (allowing suit against third-party tortfeasor to recover payments made to Department of Industrial Relations before section 3852 was amended to provide for such suits explicitly); Travelers Ins. Co. v. Sierra Pac. Airlines, 149 Cal.App.3d 1144, 197 Cal.Rptr. 416, 422 (1983) ("The scheme created by section 3852 is to hold the third-party tortfeasor liable for all consequences of his acts. Any amount which the employers or their insurer is obligated to pay, including those payments made to the state under section 4706.5, subdivision (a), is inclusive of the overall scheme."). Nor can there be a double recovery, as Defendants fear, because whatever money SDCERS obtains from the City will offset the damages, if any, that SDCERS otherwise might be able to recover from Defendants.
 
 
 73
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 The Honorable Roger L. Hunt, United States District Court for the District of Nevada, sitting by designation
 
 
 [1]
 Kenneth Vasquez' wife, Linda Vasquez, also brought a claim for loss of consortium. Her claim is derivative of his personal injury claim, so we do not discuss it separately
 
 
 [2]
 California Labor Code § 3852 provides, in relevant part:
 The claim of an employee, including, but not limited to, any peace officer or firefighter, for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, or who pays or becomes obligated to pay an amount to the Department of Industrial Relations pursuant to Section 4706.5, may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents.
 
 
 [3]
 Title 28 U.S.C. § 1448 provides, in relevant part:
 In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
 In the circumstances of this case, the City could have perfected service through compliance with Federal Rule of Civil Procedure 4. Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir.1967). However, Rule 4(m) provides, in relevant part:
 If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time....
 Fed.R.Civ.P. 4(m).
 
 
 [4]
 California Civil Code § 1714.9(a)(1) provides:
 Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a peace officer, firefighter, or any emergency medical personnel employed by a public entity, but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person's property or person, in any of the following situations:
 (1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel.
 
 
 [5]
 In general, all defendants must join in a notice of removalEmrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). We need not decide whether that usual rule applies to removal based on the United States' ownership of capital stock of the removing defendant. Even though some Defendants failed to join the notice of removal in this case, no party made a timely motion to remand, thus waiving any potential defect. See 28 U.S.C. § 1447(c) (providing that defects in removal procedure are waived if no motion to remand is made within 30 days).
 
 
 [6]
 Two other policy rationales underlie § 1445(c). First, "[t]he statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes."Armistead v. C & M Transport, Inc., 49 F.3d 43, 46 (1st Cir.1995). Second, Congress was concerned that "[i]n a number of States the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts." S.Rep. No. 1830 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3105.