**ZURICH AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. CIV. S–02–2325 LKK/GGH.**

United States District Court,
E.D. California.

Jan. 30, 2003.

James Brian Knezovich, Laughlin, Falbo, Levy and Moresi, Sacramento, CA, for plaintiff.

Lawrence Robert Ramsey, Bowman and Brooke, San Jose, CA, for defendant.

## ORDER

KARLTON, Senior District Judge.

This matter is before the court on plaintiff's motion to remand the above-captioned case to state court, from whence defendant removed it.[1] I decide the matter on the basis of the papers filed herein, and without oral argument.

According to the complaint, plaintiff Zurich American Insurance Company insured the employer of Nathan Kennedy under a policy of workers' compensation insurance. Zurich alleges that defendant General Motors' defective product is responsible for injuries suffered by Kennedy during the course and scope of his employment and that Zurich, as a direct result of defendant's alleged negligence, was required to pay Kennedy's workers' compensation benefits. Zurich brings suit against General Motors pursuant to California Labor Code § 3852,[2] seeking to recover for the amount of those benefits.

■ As a general matter, a case arising under California's worker's compensation laws cannot be removed to this court. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court

of the United States."). The sole question presented by plaintiff's motion, then, is whether plaintiff's claim under California Labor Code § 3852 "aris[es] under" California's workers' compensation law within the meaning of § 1445(c).

■ The plain meaning of § 1445(c) strongly suggests that this action does indeed "aris[e] under" the state's workmen's compensation laws. The Eighth Circuit has formulated the following straightforward test for determining whether § 1445(c) applies:

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore

> § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine.

*Humphrey v. Sequentia,* 58 F.3d 1238, 1246 (8th Cir.1995). Under the *Humphrey* test, there is no question that the instant action is nonremovable. Section 3852 is explicitly codified as part of the state's worker's compensation laws and creates a cause of action for subrogation with respect to worker's compensation benefits that would not otherwise be avail-

---

1. On October 30, 2002, the court issued an order directing the defendant to show cause within ten days why this case should not be remanded for lack of subject matter jurisdiction. On November 7, 2002, defendant responded to the court's order. On November 15, 2002, having determined that defendant's response demonstrated good cause, the court issued an order discharging the order to show cause. On that same day, however, plaintiff timely filed the instant motion to remand.

2. California Labor Code § 3852 confers a right of subrogation on employers and others, such as insurance carriers, who pay workers' compensation benefits. The statute allows those who become obligated by state law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of those benefits.

able at common law.[3] Moreover, California courts have explained that

> In bringing a subrogation action under Labor Code section 3852, the employer stands in the same shoes as its injured employee. Its action is purely derivative of the employee's action ... Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit. As a subrogee, an employer's rights do not differ from those which would be conferred by an assignment of the same claim.

*Garofalo v. Princess Cruises, Inc.*, 85 Cal. App.4th 1060, 1070, 102 Cal.Rptr.2d 754 (2000). Because California law draws no sharp distinction between claims brought by employers and claims brought by employees, allowing removal of actions brought pursuant to Labor Code § 3852 would, at least in some cases, be tantamount to allowing claims to recover benefits brought by employees themselves.

■ While the *Humphrey* test has the benefit of providing a simple, bright-line rule, that test has not been adopted by the Ninth Circuit. Moreover, California law, on its own, cannot resolve the question. *See Jones v. Roadway Express*, 931 F.2d 1086, 1092 (5th Cir.1991) ("[W]hether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the workers' compensation laws' for the purpose of section 1445(c)."). "Because section 1445 is a federal statute with nationwide application, federal law governs its interpretation." *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir.2000). Although there is no published federal case deciding whether § 1445(c) applies to actions for subrogation under state worker's compensation laws, case law interpreting § 1445(c) provides some guidance on the issue.

A recent case before the Ninth Circuit raised the precise issue now before the court, but the Circuit declined to decide the question because the unique procedural posture of the case made it unnecessary to do so. In *Vasquez v. North County Transit District*, 292 F.3d 1049 (9th Cir. 2002), a police officer brought suit against a transit board and railroad companies in connection with an injury he allegedly sustained from a railroad crossing arm. The city that employed the police officer, which covered the resulting workers' compensation claim, filed a complaint in intervention, pursuant to Labor Code § 3852, to recover from the board the benefits it had paid to the officer. The defendant transit board argued that, under § 1445(c), the district court lacked jurisdiction over the city's claim for recovery of workers' compensation benefits. In reviewing the denial of the city's motion, the Ninth Circuit "assume[d], without deciding, that the City's claim [was] one 'arising under' California's workers' compensation law," because the "convoluted procedural history" in that case made it unnecessary to decide the question. *Id.* at 1061.[4] The court did not decide "whether § 1445(c) would bar

---

**3.** Under California law, a cause of action for subrogation is available only where the legislature expressly provides that right. *See Fifield Manor v. Finston*, 54 Cal.2d 632, 7 Cal. Rptr. 377, 354 P.2d 1073 (Cal.1960); Witkin, 11 *Summary of California Law*, 9th ed., Equity § 174; *see also id.*, Workers' Compensation, § 66.

**4.** Although the city originally filed its complaint in intervention in state court, the city failed to serve its state-court complaint on the board. After removal, the city did not perfect timely service on the defendants, resulting in the federal court's dismissal of the complaint without prejudice. Thereafter, the city filed an amended complaint in intervention in federal court for the same claim, this time properly serving all defendants.

removal of the City's claim against the Board, because that claim was never removed but, instead, was first properly filed in federal court. Thus, § 1445(c) [did] not apply to the claim and does not divest the district court of jurisdiction." *Id.*[5]

While *Vasquez* does not resolve this issue, it does offer insight into the legislative concerns behind § 1445(c), as revealed by its legislative history. First, Congress was concerned with preserving the plaintiff's forum choice in worker's compensation cases. "The nonremovability provision of § 1445(c) simply protects the plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-forum disturbed." *Id.* at 1061. Although the instant case was not brought by an employee, remanding this case would nevertheless further that policy, allowing plaintiff's subrogation rights to be adjudicated by the California court in which this suit was originally brought.

Second, "the statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes." *Id.* at 1061 n. 6. Notably, resolution of the § 3852 claim in *Vasquez* required the Ninth Circuit to examine state worker's compensation law in order to determine what damages could be awarded. *See id.* at 1063. Similarly, if the motion to remand is denied, this court would be called upon to determine the scope of plaintiff's subrogation rights under California law. While federal courts are competent to make such determinations as to state law, Congress has expressed a preference that they not do so in cases originally brought in state court under state worker's compensation laws.

Third, "Congress was concerned that 'in a number of states the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts.'" *Id.* at 1061 n. 6 (quoting S.Rep. No. 1830 (1958)). As a general rule, denial of a motion to remand in a case such as this one would not support the Congressional policy of conserving federal judicial resources. Instead, all worker's compensation claims brought by employers or insurers would presumably become subject to federal jurisdiction.

Thus, all three of the Congressional policies embodied in § 1445(c), as explained in *Vasquez*, support the application of the statute in this case. The concerns animating the statute evince a general policy of strictly limiting diversity jurisdiction in cases involving state worker's compensation law; for this reason, courts have generally read the statute quite broadly. *See, e.g., Jones*, 931 F.2d at 1092 ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose."). Because both the plain meaning and the legislative history of 28 U.S.C. § 1445(c) militate against removal of this case to federal court, the court is divested of subject matter jurisdiction over the case and must remand.

For the foregoing reasons, the court hereby ORDERS the above-captioned case REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

IT IS SO ORDERED.

---

**5.** The city's claim against other defendants in *Vasquez had* been removed from state court, but those parties did not join in the board's motion to dismiss under § 1445(c). The court also declined to reach the issue as to the other defendants, because it determined that even if 1445(c) otherwise applied, its bar against removal could be waived.