**BALDWIN HILLS MEDICAL GROUP, a California Medical Corporation; Stephanie Smith, an individual, Plaintiffs,**

and

**Delaney E. Smith, Jr., M.D., Plaintiff—Appellant,**

v.

**LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendant—Appellee**

and

Travelers Indemnity Company; Travelers Indemnity Company of Illinois; Constitution State Service Co.; Affordable Medical Network; First Health, Defendants.

No. 05–55370.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Filed Aug. 4, 2006.

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony G. Chavos, Esq., Buckner, Ala-ni & Young, Costa Mesa, CA, Robert Ram-sey, Jr., Esq., Ramsey & Price, Los Ange-les, CA, for Plaintiffs.

Delaney E. Smith, Jr., M.D., Los Ange-les, CA, pro se.

Mary E. Reyna, Office of the Los Ange-les County Counsel, Los Angeles, CA, Douglas Stevens, Aon Corporation Law Division, Chicago, IL, for Defendant–Ap-pellee.

Joseph A. Heath, Esq., Ford, Walker, Haggerty & Behar, Long Beach, CA, Bri-an C. Crawley, Esq., Gregory H. Halliday, Esq., Sedgwick, Detert, Moran & Arnold, Irvine, CA, for Defendants.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Delaney E. Smith, Jr., M.D. (hereinafter "Smith") appeals pro se the district court's judgment in favor of defendant-appellee Los Angeles County Metropolitan Transit Authority ("MTA"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we af-firm.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The parties are familiar with the procedural history. Smith first argues that the district court lacked jurisdiction because his claims arise under California workers' compensation law, and, therefore, 28 U.S.C. § 1445(c)[1] bars removal to federal court. We disagree.

■ Smith's complaint alleged violations of 42 U.S.C. §§ 1983 and 1985. Therefore, the district court had jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Removal was available because the district court had original jurisdiction to decide the claim arising under federal law. 28 U.S.C. § 1441(b). Assuming, only for the purpose of argument, that Smith's claims are ones "arising under" California workers' compensation law, Smith filed an amended complaint in federal court. In these circumstances, Smith's claims may be properly viewed as having been initiated in federal court. *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir.2002). Moreover, Smith failed to timely object to removal and thus waived any objection on that basis. *Id.* at 1062 ("Even if § 1445(c) otherwise applies here, its bar against removal of workers' compensation claims is non-jurisdictional and may be waived.").

■ Smith argues that the district court erred in granting summary judgment to MTA. The district court determined that Smith failed to establish a prima facie case of racial discrimination. Smith has not raised on appeal any argument concerning racial discrimination; therefore, that issue is waived. *See Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir.1994) (stating that failure to raise an issue in an opening brief results in waiver of the issue on appeal).

Our review of the record leads us to conclude that the district court did not improperly weigh the evidence, determine credibility, or apply erroneous legal standards in granting the motion for summary judgment.

Smith argues that the district court lacked authority to compel arbitration with one defendant. The record discloses that several of Smith's contracts contained clauses requiring arbitration of "any problems or disputes" arising under the contracts. We have construed such clauses as extending to every dispute with a significant relationship to the agreement. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720–21 (9th Cir.1999) (arbitration clause chosen by the parties must be interpreted liberally). The existence of an agreement to arbitrate establishes a federal presumption in favor of arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Accordingly, the district court did not err in ordering arbitration.

■ We reject Smith's contention that the district court erred in denying the motion to recuse Judge Nora Manella for personal bias or prejudice, pursuant to 28 U.S.C. § 144. We review the denial of a motion for recusal for an abuse of discretion. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir.1999). Judge Ronald Lew determined that the statements of the mediator were insufficient to ascribe a political leaning to Judge Manella and were not, in any event, directed at Smith individually. *See United States v. Carignan*, 600 F.2d 762, 764 (9th Cir.1979). There was no abuse of discretion in the denial of the motion for recusal.

---

1. 28 U.S.C. § 1445(c): "A civil action in any State court arising under the workmen's compensation laws of such State may not be re- moved to any district court of the United States."

Finally, we reject Smith's contention that the judgment should be vacated based upon fraud upon the court. Fraud upon the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir.1995) (internal citation omitted). The record does not support Smith's contention of fraud or misconduct that harmed the integrity of the judicial process or resulted in a miscarriage of justice. The district court did not abuse its discretion in denying Smith's motion. We deny Smith's motions for judicial notice and we deny the motion to notice newly discovered evidence. No further motions for judicial notice or sanctions in this case will be considered by this court without the permission of the Appellate Commissioner.

AFFIRMED.