[No. 26667-2-III.    Division Three.    January 8, 2009.]

MARCIA JOHNSON ET AL., *Respondents*, v. CAMP AUTOMOTIVE, INC., ET AL., *Petitioners*.

*Jill D. Bowman, Gloria S. Hong,* and *Jeremy D. Sacks* (of *Stoel Rives, LLP*); and *Kevin J. Curtis* (of *Winston & Cashatt*), for petitioners.

*Brian S. Sheldon* and *Kim D. Stephens* (of *Tousley Brain Stephens, PLLC*), for respondents.

¶1 BROWN, J. — Camp Automotive, Inc., d/b/a Camp Chevrolet Cadillac, an entity owned by Lithia Motors, Inc. (collectively Camp) appeals the trial court's summary judgment grant to Marcia and Theron Johnson on their claim that Camp violated both RCW 82.04.500 and Washington's Consumer Protection Act (CPA), chapter 19.86 RCW, by charging a business and occupation (B&O) tax on top of the negotiated, final vehicle price. A Washington car dealer may not charge a purchaser a B&O tax on top of the negotiated, final price of a vehicle. *Nelson v. Appleway Chevrolet, Inc.,* 160 Wn.2d 173, 178, 157 P.3d 847 (2007). Here, Camp's

unopposed declarations establish the Johnsons' purchase price included a B&O tax that was revealed and negotiated.[1] Thus, the court erred. Accordingly, we reverse and remand for entry of a summary dismissal order in favor of Camp.

## FACTS

¶2 Camp owns and operates an auto dealership. When negotiating with prospective buyers, the sales staff use a "writeback" document to determine the final price. Clerk's Papers (CP) at 21. On July 10, 2004, the Johnsons negotiated with Camp over the purchase of a new pickup truck. The salesman used a writeback to facilitate the negotiations and arrive at the final agreement. The writeback lists a B&O tax of $136.75, and states in capital letters, "***I UNDERSTAND THE ABOVE FIGURES HAVE BEEN NEGOTIATED.***" CP at 30. The Johnsons initialed the writeback, finalized the sale, and took custody of their new truck.

¶3 The Johnsons then sued for declaratory and injunctive relief and unjust enrichment damages for imposing a B&O tax when purchasing their truck. Camp requested summary judgment. The Johnsons amended their unverified complaint to include a CPA claim and asked for partial summary judgment on all issues except damages. Various Camp agents declared the Johnsons negotiated the B&O tax. Although the Johnsons argued otherwise, no declaration counters Camp's declarations. Nevertheless, the court granted the Johnsons' request for partial summary judgment, ruling Camp violated the B&O tax statute by directly imposing the B&O tax on consumers and the tax was a per se violation of the CPA. This court granted Camp's request for discretionary review.

---

[1] The Johnsons refer to the matter as a class action, but the trial court has not ordered class certification.

## ANALYSIS

¶4 The issue is whether the trial court erred in summarily granting the Johnsons' request for partial summary judgment under RCW 82.04.500 and the CPA. Camp contends *Nelson* clarifies that price negotiations may include consideration of the B&O tax and that such negotiations do not violate either RCW 82.04.500 or the CPA.

¶5 We review de novo an order granting summary judgment, engaging in the same inquiry as the trial court and considering all facts and reasonable inferences in the light most favorable to the nonmoving party. *Korslund v. Dyncorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is proper if the record before the court shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 861, 93 P.3d 108 (2004).

¶6 B&O tax generates substantial revenue for Washington State. *Nelson*, 160 Wn.2d at 179. "This B&O tax is for the privilege of engaging in business and is levied against the value of products, gross proceeds of sales, or gross income of a business." *Id.* (citing RCW 82.04.220). Under RCW 82.04.500, this tax is levied directly on businesses and is not to "be construed as taxes upon the purchasers or customers."

¶7 Applying RCW 82.04.500 to the purchase of automobiles, our Supreme Court recently held a car dealership "may itemize the tax if it is part of the final purchase price." *Id.* at 181. In *Nelson*, Herbert Nelson purchased a used Volkswagen Cabriolet from Appleway Volkswagen in Spokane. Appleway charged several fees and taxes in addition to the agreed sale price of $16,822.00, including a $79.23 charge for B&O tax. *Id.* at 178. The Court held, "[I]t is lawful for Appleway to disclose a B&O charge to Nelson *during* the course of negotiating a purchase price or later identify any claimed element of overhead. However, Apple-

way may not add a B&O charge as one of several fees and taxes *after* Appleway and Nelson negotiated and agreed upon a final purchase price." *Id.* at 181.

■ ¶8 Here, *Nelson* is distinguishable because Camp disclosed the B&O charge during negotiations; according to Camp's unanswered declarations, the Johnsons negotiated with Camp about the B&O tax before reaching the agreed price. The Johnsons' unsupported arguments to the contrary are insufficient to meet summary judgment standards because they do not create any remaining issue of material facts. Thus, Camp did not violate RCW 82.04.500. Accordingly, the trial court erred in concluding differently.

■ ¶9 Next, the trial court concluded Camp's actions violated the CPA. The CPA's purpose is to protect the public and to foster fair and honest competition. RCW 19.86.920. To successfully bring an action under the CPA, a plaintiff must prove five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). "The failure to establish any of the elements is fatal to a CPA claim." *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wn. App. 210, 226, 135 P.3d 499 (2006), *review denied*, 160 Wn.2d 1019 (2007).

■■ ¶10 A statutory violation may establish a per se CPA violation. *Anderson v. Valley Quality Homes, Inc.*, 84 Wn. App. 511, 515-16, 928 P.2d 1143 (1997). Washington courts have not addressed if a chapter 82.04 RCW violation is a per se violation of the CPA. Regardless, based on our *Nelson* analysis we found no statutory violation. And, based on this record, we are unconvinced that Camp engaged in a deceptive or unfair practice because the B&O charge was clearly listed on the writeback and the Johnsons agreed the B&O tax expense was "negotiated." CP at 30.

¶11 In sum, the trial court erred in granting partial summary judgment in the Johnsons' favor.

¶12 Reversed and remanded for entry of judgment in favor of Camp.

KULIK, A.C.J., and SWEENEY, J., concur.

Review denied at 166 Wn.2d 1019 (2009).