**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JARED PECK,

        *Plaintiff,*

and

JAMES BOWDEN, a Washington
resident, individually and on
behalf of all the members of the
class of persons similarly situated,

        *Plaintiff-Appellant,*

v.

AT&T MOBILITY, a Delaware
limited liability company doing
business as Cingular Wireless,
AKA Cingular Wireless, LLC;
NEW CINGULAR WIRELESS SERVICES,
INC., a Delaware corporation doing
business as AT&T Wireless; NEW
CINGULAR WIRELESS SERVICES
PURCHASING COMPANY LP, a
Delaware limited partnership doing
business as Cingular Wireless;
NEW CINGULAR WIRELESS PCS
LLC, a Delaware limited liability
company doing business as
Cingular Wireless,

        *Defendants-Appellees.*

No. 09-36113

D.C. No.
2:09-cv-00106-TSZ

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
WASHINGTON

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Filed January 24, 2011

1329

Before: Pamela Ann Rymer and N. Randy Smith,
Circuit Judges, and Donald E. Walter,
Senior District Judge.*

---

## COUNSEL

Daniel F. Johnson, Breskin Johnson & Townsend PLLC, Seattle, Washington, for the plaintiff-appellant.

Leonard J. Feldman, Stoel Rives LLP, Seattle, Washington, for the defendants-appellees.

---

## ORDER

Pursuant to Rule 16.16 of the Washington Rules of Appellate Procedure (RAP) and Revised Code of Washington § 2.60.020, we respectfully certify to the Supreme Court of Washington the question of law set forth in Section III of this order. That question will determine an issue pending before this court. No precedent in the decisions of the Supreme Court of Washington controls that issue.

## I.  Background

In November 2004, James Bowden purchased three cellular telephones and a monthly cellular service plan for each telephone at a Cingular kiosk in a mall. He discussed the various rate plans and prices with the Cingular representatives at the kiosk before deciding to purchase the Cingular telephones with their accompanying service plans. As part of the purchase process, he signed and initialed a one-page Wireless Service Agreement ("Agreement") for each plan. The Agree-

---

*The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

ment included a statement that "Cingular also imposes the following charges: a Regulatory Cost Recovery Fee of up to $1.25 to help defray its costs incurred in complying with obligations and charges imposed by State and Federal telecom regulation, a gross receipts surcharge, and State and Federal Universal Service charges." The Agreement also incorporated the Terms of Service, which were outlined in a separate brochure that Bowden received when he purchased the telephones and signed up for service. The Terms of Service also reiterated that, in addition to the rate plan, Cingular's charges would include "applicable taxes and governmental fees, whether assessed directly upon you or upon Cingular." Bowden did not thoroughly read the Agreement and did not read the Terms of Service. Information about gross receipts surcharges was also on the Cingular website, which Bowden visited prior to making his purchase, although he primarily accessed the coverage maps. His rate plan price did not include Washington's business and occupations ("B & O") tax; the B & O tax, however, was listed as a "State B & O Surcharge" on Bowden's monthly bill. Bowden's bills show that he was charged varying amounts for the B & O surcharge for each of the three phones—ranging from $.05 to $.44 per month.

The current suit was filed by Jared Peck (alleging similar facts) in Washington state court, and Cingular removed to federal court. Peck successfully appealed the district court's dismissal of his claims on federal preemption grounds, and his case was remanded to state court. Thereafter, Bowden joined the suit and sought class certification. Cingular again removed to federal court and moved for summary judgment. The district court granted Cingular's motion for summary judgment, holding that Cingular's billing practice did not violate Revised Code of Washington section 82.04.500. In so holding, the district court relied on the reasoning in a previous, factually similar case, *Riensche v. Cingular Wireless LLC, et al.*, W.D. Wash. Case No. C06-1325Z. *Riensche* is also currently pending before the Ninth Circuit. In that case, Riensche

purchased his cellular service plan on the internet. Before purchasing, he had the chance to review the plan details, which specified that a gross receipts surcharge was collected in addition to the rate plan. He also acknowledged his assent to the Terms & Conditions, which informed him that Cingular would collect charges that include "applicable taxes and governmental fees, whether assessed directly upon you or upon Cingular." The court determined that, as in *Johnson v. Camp Automotive, Inc.*, 148 Wn. App. 181, 199 P.3d 491 (2009), "the B & O surcharge was disclosed during the negotiation process and it was treated as part of the base amount charged to customers, rather than as a tax added to the final price." Like other taxes and fees, Cingular was not required to disclose the computation of the tax or predict the amount of the surcharge. Thus, there was no violation of Washington code.

## II.   Discussion

In our judgment, this case represents an important, undecided question of Washington law. We review *de novo* the district court's interpretation of Washington law. *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002). "When interpreting state law, we are bound to follow the decision of the state's highest court." *Id.* Because it is unclear how the Supreme Court of Washington would apply its precedent in *Nelson v. Appleway Chevrolet, Inc.*, 160 Wn.2d 173, 157 P.3d 847 (2007) and the court of appeals' precedent in *Johnson*, 148 Wn. App. 181, 199 P.3d 491, we seek its guidance.

Revised Code of Washington section 82.04.220 requires sellers to pay a B & O tax on the gross proceeds of sales. Section 82.04.500 expresses the legislature's intention that the B & O tax should not be "construed as taxes upon the purchasers or customers, . . . but that such taxes shall constitute a part of the operating overhead of [the seller]." In *Nelson*, the Washington Supreme Court held that a seller violated this section when the seller added the amount of the B & O tax on

an automobile *after* the buyer and seller had negotiated a final purchase price. 160 Wn.2d at 180-81. However, the court of appeals found no violation of the statute in *Johnson*. In *Johnson*, the seller had informed the buyer during negotiations that a B & O tax of $136.75 would be part of the price. 148 Wn. App. at 183. Johnson signed a statement that the purchase price (including the B & O tax) had been negotiated. *Id.* The court relied on *Nelson*'s holding that a car dealership "may itemize the [B & O] tax if it is part of the final purchase price" to find no violation of the statute. *Id.* at 184 (citing *Nelson*, 160 Wn.2d at 181). The court found that "*Nelson* is distinguishable because Camp disclosed the B & O charge during negotiations . . . the Johnsons negotiated with Camp about the B & O tax before reaching the agreed price." *Id.* at 185.

In this case, Cingular disclosed that it would charge and collect a surcharge for gross receipts taxes before Bowden purchased his phone service plan. However, unlike either *Johnson* or *Nelson*, Cingular did not disclose the actual amount of the surcharge, which would vary depending on the service plan and the monthly usage. In addition, Bowden accepted the plan and the B & O tax surcharge, but did not object to the inclusion of the B & O tax surcharge nor did he attempt to make adjustments to the terms or price of the plan.

## III. Conclusion

Considering the substantial factual differences between the present case and Washington case law, it is not clear how the Washington Supreme Court would rule on this issue. Accordingly, we respectfully certify the following question to the Supreme Court of Washington:

Under Revised Code of Washington section 82.04.500, may a seller recoup its business and occupation taxes where, prior to the sale of a monthly service contract, the seller discloses that in addition to the monthly service fee, it collects a surcharge to cover gross receipts taxes?

We do not intend our framing of the question to restrict the Washington Supreme Court's consideration of the issue. The Washington Supreme Court, in its discretion, may choose to reformulate the question presented. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999). If the Washington Supreme Court accepts review of the certified question, we designate appellant, James Bowden, to file the first brief pursuant to Wash. RAP 16.16(e)(1).

The Clerk of Court is hereby ordered to transmit forthwith to the Washington Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all briefs and excerpts of record. RCW §§ 2.60.010, 2.60.030; Wash. RAP 16.16. Further proceedings in our court on all of Bowden's claims on appeal are stayed pending the Washington Supreme Court's decision on whether it will accept review, and if so, receipt of the answer to the certified question. The panel will resume consideration of the appeal when either the Washington Supreme Court answers the certified question or declines to answer the question. When the Washington Supreme Court decides whether to accept the certified question, the parties shall file a joint report informing this court of the decision. If the Washington Supreme Court accepts the certified question, the parties shall file a joint status report informing this court when the Washington Supreme Court issues its answer.

It is so ORDERED.

PAMELA ANN RYMER
Circuit Judge, United States
Court of Appeals
for the Ninth Circuit
Presiding Judge of the Certifying
Panel
